Matthias, J.
 

 Was the decision of the Board of Tax Appeals which modified the action of the budget commission reasonable and lawful?
 

 The record of the hearing held before the Board of Tax Appeals shows that the apportionment of the local government fund was made without notice to the fiscal officer of the city of Columbus, as required by the provisions of Section 5546-20, General Code. This section provides as follows:
 

 “The budget commission, after affording to each subdivision an opportunity to be heard, and considering all the facts and information laid before it by the county auditor, shall determine the amount needed by each subdivision for current operating expenses for the respective years 1941 and 1942 in addition to revenues available from all other sources, in order to enable each to maintain its respective essential local
 
 *476
 
 governmental purposes as defined in this act for said years.
 

 “The budget commission shall thereupon apportion the estimated amount of the undivided local government fund of the county to and among the several subdivisions in which need for additional revenues has been found in proportion to the amounts of the needs of each as so determined provided that in counties having a population of less than one hundred thousand, not less than ten percent shall be distributed to the townships therein.”
 

 •There was no- notice to or appearance on behalf of the city of Columbus at this meeting of the budget commission and in the absence of a hearing the budget commission cannot be said to have considered the “needs” of the city of Columbus, as required by Section 5546-20, General Code.
 

 Broad powers are conferred upon the Board of Tax Appeals by Section 5625-28, General Code, in appeals from any action of a budget commission. This section authorizes that board to “modify any action of the budget commission with reference to the budget, the estimates of revenues and balances or the fixing of tax rates.” It provides that “the finding of the Tax Commission [now the Board of Tax Appeals] shall be substituted for the findings of the budget commission, and shall be certified to the county auditor and the taxing authority of the subdivision affected as the action of such budget commission under this act.”
 
 Russell et al., Budget Comm. of Summit County,
 
 v.
 
 City of Akron,
 
 136 Ohio St., 566, 27 N. E. (2d), 247. Under this statute, the Board of Tax Appeals had authority to hear the evidence and make an apportionment, even though by reason of lack of notice this was the first hearing in which the city of Columbus had an opportunity to participate.
 

 Upon this hearing much evidence was submitted
 
 *477
 
 which related to the alleged reasons for the impaired financial condition of the city of Columbus and its present deficit. It is to be observed that the “local government fund” is to be apportioned among the several subdivisions “in proportion to the amount of the needs of each.” That is the duty prescribed and authority conferred upon the county budget commission by Section 5546-20, General Code. The evidence to be considered, therefore, is that which tends to prove the need and which shows whether the apportionment was made in accordance therewith. In the performance of its duty, it is not the function of the budget commission or of the Board of Tax Appeals upon appeal to go back of the findings of the relative needs of the various subdivisions and attempt to ascertain and determine whether faulty financing or administration brought about or augmented the need.
 

 There was ample evidence submitted to the Board of Tax Appeals showing the greater needs of the city of Columbus over those of Franklin county. The decision, being neither unreasonable nor unlawful, is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Wiuulams, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.