Bell, J.
 

 The single question presented by this record is whether the decision of the Board of Tax Appeals is unreasonable or unlawful.
 

 The gist of the complaint of the city is that the
 
 *439
 
 Board of Tax Appeals denied its appeal which in effect was an affirmance of the budget commission’s apportionment of the local government fund (sales tax),
 

 By the terms of Sections 5625-23, 5625-24 and 5625-25, General Code, it is the duty of the budget commission to pass upon and adjust the budget of each taxing authority within the county to the end that the tax rate shall be kept within the limitations provided by law.
 

 Section 5546-20, General Code, as amended April 5, 1943, provides in part as follows:
 

 “Within ten days after this amendatory act of 1943 shall take effect the budget commission of each county shall complete its work with respect to tax levies and tax budgets for the year 1943 and thereafter for the year 1944 as required by Section 5625-25 of the General Code, including the making of such revisions as may be necessary, and shall certify its action as therein required excepting that unless prior to the effective date of this amendatory act of 1943, the certification of such action to the taxing authority of each subdivision or taxing unit has been made in the form required by Section 5625-26 of the General Code, such certification shall omit the matters and things referred to in said last named section, which such matters and things shall in any event be included and attached to a supplemental certification which ■ the budget commission shall make to the taxing authority of each subdivision forthwith upon the completion of its work at its special meeting in the year 1943,- herein required.
 

 “Within ten days after this amendatory act of 1943 shall take effect, the Board of Tax Appeals of the Department of Taxation of Ohio shall cause to be made and shall certify to the county auditor of each county an estimate of the amount of the local government fund to be allocated to the county in the year 1943 and
 
 *440
 
 on or before December 1, 1943, shall make a like certificate for the year 1944. Immediately upon receiving the certificate of the Board of Tax Appeals, each county auditor shall convene the budget commission of his county in special session for the' purpose of reviewing its work of determining tax rates pursuant to the first paragraph of this section, if such work has been theretofore completed without such revision, and of determining the amounts to be distributed in the years 1943 and 1944 from the local government fund in the county treasury. Notice of the time and place of such meeting shall be given by mail to the fiscal officer of each subdivision in whole or in part within the county.
 

 “The county auditor shall lay before the budget commission, when so convened, the certificate of the Board of Tax Appeals, the annual tax budget and estimates and the record showing the action of the budget commission in its last preceding regular session. The budget commission, after affording to each subdivision an opportunity to be heard, and considering all the facts and information laid before it by the county auditor, shall determine the amount needed by each subdivision for current operating expenses for the respective years 1943 and 1944 in addition to revenues available from all other sources, in order to enable each to maintain its respective essential local governmental purposes as defined in this act for said years.
 

 “The budget commission shall thereupon apportion the estimated amount of the undivided local government fund of the county to and among the several subdivisions in which need for additional revenues has been found in proportion to the amount of the needs of each as so determined provided that in counties having a population of less than one hundred thousand,
 
 *441
 
 not less than ton per cent shall he distributed to the townships therein.
 

 “On the basis of such apportionment, the county auditor shall compute the percentage share of each such subdivision in the undivided local government fund and certify such percentage shares to the county treasurer, who shall be governed thereby in making distribution of the moneys in the undivided local government fund in the years 1943 and 1944, pursuant to this act; and the county-auditor shall at the same time certify to the Auditor of State the percentage share of the county as a ‘subdivision.’
 

 • “All moneys received into the treasury of a subdivision from the undivided local government fund in a county treasury shall be paid into the general fund and used for the current operating expenses of the subdivision. ’ ’
 

 By virtue of the provisions of that section, the budget commission, after hearing, apportioned the local government fund (sales tax) to the city, the county and other subdivisions in proportion to the amount of the needs of each subdivision as the commission determined such needs.
 

 Upon the appeal from the apportionment by the budget commission to the Board of Tax Appeals, a hearing
 
 ele novo
 
 was had and upon consideration of the evidence and the law the appeal was denied.
 

 In the case of
 
 Wheeling Steel Corp.
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St., 71, 54 N. E. (2d), 132, it was held:
 

 “7. The action of an administrative officer or board within the limits of the jurisdiction conferred by law is presumed, in the absence of proof to the contrary, to be valid and to have been done in good faith and in the exercise of sound judgment.”
 

 We have considered this record with the presump
 
 *442
 
 tion of validity, good faith, and the exercise of sound judgment by the Board of Tax Appeals clearly in mind.
 

 As we view this matter,, after a careful reading of the entire record as well as the brief of appellant, there is no basis for a finding that the action of the Board of Tax Appeals was unreasonable or unlawful. At best this record presents only an honest difference of opinion between the public officials of the city on one hand and the members of the budget commission and Board of Tax Appeals upon the other.
 

 This court is not authorized to substitute its judgment for that of the Board of Tax Appeals in any case within the limits of its jurisdiction where, as here, the conclusion reached by such board is amply sustained by the evidence.
 

 The decision of the board being both reasonable and lawful it follows that it should be and hereby is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Turner, Matthias and Hart, JJ., concur.