By the Court.
Was the apportionment made by the Board of Tax Appeals in accordance with its statutory authority?
Section 5546-20, General Code, contains the following provision regarding the authority of the budget commission:
“The budget commission shall thereupon apportion the estimated amount of the undivided local government fund of the county to and among the several subdivisions in which need for additional revenues has been found in proportion to the amount of the needs of each as so determined provided that in counties having a population of less than one hundred thousand, not less than ten per cent shall be distributed to the townships therein.”
Clark county, as will specifically appear hereinafter, has a population of less than 100,000.
By virtue of Section 5625-28, General Code, the Board of Tax Appeals on an appeal from the action of the budget commission ‘ ‘ shall forthwith consider the matter or matters presented to the budget commission, and shall have power to modify any action of the budget commission with reference to the budget, the estimate of revenues and balances or the fixing of tax rates. The finding of the Board of Tax Appeals shall be substituted for the findings of the budget commission, and shall be certified to the county auditor and the taxing authority of the subdivision affected as the action of such budget commission under this act.”
The Board of Tax Appeals in considering “the matter or matters presented to the budget commission” may consider any evidence which is proper in order to arrive at a true factual conclusion as to the appor *639 tionment of the local government fund of the county. In determining the needs of the subdivision, the Board of Tax Appeals cannot go beyond the “matter or matters” that were within the power of the budget commission to hear and determine. It is not the intent of the statute, however, that the Board of Tax Appeals on such an appeal shall be limited in the scope of its inquiry to facts actually adduced before the budget commission.
The Board of Tax Appeals kept within authority conferred by statute.
What is the yardstick for measuring the needs of the subdivisions?
It is urged that the decision of the budget commission was correctly based upon a percentage formula approved by this court in Stritch, Aud., v. Budget Commission of Clark County, 140 Ohio St., 495, 45 N. E. (2d), 601. The inference is that the Board of Tax Appeals was in error in not following that formula precisely. Neither the budget commission nor the Board of Tax Appeals can be controlled by any set formula in apportioning a local government fund. Formulas may be employed where helpful in arriving at a conclusion and the use of a particular formula will not invalidate a decision of the Board of Tax Appeals so long as its decision is neither unlawful nor unreasonable. See City of Columbus v. Budget Commission of Franklin County, 144 Ohio St., 437, 59 N. E. (2d), 367. In the last analysis an apportionment of a local government fund involves only a factual determination within the limits of the law and, where reasonable and lawful, will not be disturbed by this court because a particular formula was not. made the basis of apportionment.
Was the decision of the Board of Tax Appeals founded on improper and immaterial evidence?
*640 After the budget commission had acted, the city obtained from the Board of Tax Appeals authority to refund $147,000 of bonds maturing in 1945, thereby releasing that amount from the bond retirement fund to the general fund of the city. As we understand it, neither the county nor the budget commission makes any complaint about this release; nor can they justly complain, for such a refunding of bonds would make more money available to the city in its general fund. The result would be less city needs to be met from the sales tax allocation.
The evidence before the Board of Tax Appeals disclosed that the city of Springfield was indebted tó the Ohio Edison Company upon a delinquent account of $79,850.80 which was the unpaid balance of the city’s street lighting account, arising prior to the year 1940. The city and company made an agreement that upon payment by the city of its full street lighting account for the calendar year 1945, on or before February 1, 1946, the city would receive an additional credit upon such delinquent account, in the sum of $58,000.
The county contends that the Board of Tax Appeals should have decided whether the budget commission was right or wrong in treating the $58,000 credit as an estimated receipt. The county also objected to a consideration of the city’s exhibits, 5, 6, 7, 11 and 12. The first three of these exhibits, respectively, show (a) the distribution of the sales tax after the enactment of the sales tax law, (b) a reconciliation of the budgetary estimate of receipts with the revised estimate of receipts and (c) the tax duplicate for the years 1937 to 1944 inclusive. The last two show the officers and employments in the police and fire departments of the city of Springfield, together with the' compensation per annum.
In our judgment, the fact that the Board of Tax Ap *641 peals received in evidence these different factual matters did not make its decision unlawful, nor does it necessarily follow that because a revised budget request or estimate of expenditures was received in evidence the decision- is unlawful. In proper cases such revised requests or estimates may be received, otherwise mistaken or obviously wrong estimates could not be corrected. Nothing was done in this respect in the instant case which requires a reversal of the decision. What weight should have been given to the revised estimates submitted by the city of Springfield was a matter for the determination of the Board of Tax Appeals in the exercise of its discretion.
Was the decision of the Board of Tax Appeals unreasonable ?
The county maintains that the action of the Board of .Tax Appeals in taking $50,000 from the amount apportioned to the county and giving it to the city was arbitrary and unreasonable and not in accordance with the needs of the city and county. This court will not determine anew the needs of these subdivisions and, if the amount fixed by the Board of Tax Appeals is reasonable, its factual finding will not be disturbed here on the ground that a different finding as to amount might comport more nearly with the court’s idea of the respective needs of the subdivisions. According to the census of 1940, the county had a population of 95,647 and the city a population of 70,662. Therefore nearly three-fourths of the county’s population resided in the city, which fact is significant in and of itself. The many pages of testimony and the various exhibits presented an array of facts from which different minds could reach different conclusions. We cannot say that the decision is unreasonable.
The decision of the Board of Tax Appeals in denying the appeal of the county and in substituting its find *642 ing for that of the budget commission, being both lawful and reasonable, is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.