Zimmerman, J.
This is an appeal by the Lorain County Budget Commission and by Lorain County from a decision of the Board of Tax Appeals which made a different allocation of the estimated and undivided local government fund of Lo-rain County for the year 1963 among Lorain County and the various political subdivisions thereof from that by the Lorain County Budget Commission.
Originally, the Lorain County Budget Commission, purporting to act under the provisions of Section 5739.23, Revised Code, issued its official certificates of. estimated resources, wherein, among other things, the undivided local government fund of Lorain County was, for the year 1963, allocated as follows:
*100 City of Oberlin $ 21,948.00
City of Amherst 8,668.00
City of Lorain 259,082.00
County of Lorain 554,900.43
City of Elyria 159,067.39
City of Avon 5,905.00
Townships 30,389.04
Other political subdivisions 69,841.00
$1,109,800.86
The city of Oberlin, the city of Amherst and the city of Lorain, being dissatisfied with the allocations made to them, appealed separately to the Board of Tax Appeals, which, acting under the provisions of Section 5705.37, Revised Code, and after a consolidation of the appeals and an extended hearing, made an allocation of the fund as follows:
City of Oberlin $ 29,948.00
City of Amherst 14,668.00
City of Lorain 289,082.00
County of Lorain 510.900.43
Other political subdivisions not affected 265.202.43
$1,109,800.86
That part of Section 5705.37, Revised Code, which is applicable, reads:
“The taxing authority of any subdivision which is dissatisfied with any action of the budget commission may, through its fiscal officer, appeal to the Board of Tax Appeals within 30 days after the receipt by such subdivision of the official certificate or notice of such action of said commission. * * * The Board of Tax Appeals shall forthwith consider the matter presented to the commission, and may modify any action of the commission with reference to the budget, the estimate of revenues and balances, or the fixing of tax rates. The finding of the Board of Tax Appeals shall be substituted for the findings of the commission, and shall be certified to the county auditor and the taxing authority of the subdivision affected * *
*101 Section 5739.23, Revised Code, among other things, defines the duties and functions of county budget commissions and, in part, provides:
“The [county] auditor shall present to the [budget] commission, when so convened, the certificate of the board [of tax appeals], the annual tax budget and estimates, and the records showing the action of the commission in its last preceding regular session. The commission, after extending to each subdivision an opportunity to be heard, and considering all the facts and information presented to it by the auditor, shall determine the amount needed by each subdivision for current operating expenses for the last six months of 1957 in addition to revenues available from all other sources, except those revenues which a subdivision receives from an additional tax or service charge voted by its electorate, in order to carry on its essential local governmental functions.
“At the special session convened pursuant to this section in the year 1957, and at the regular session in each year convened pursuant to Section 5705.27 of the Revised Code, the commission shall apportion the estimated amount of the undivided local government fund of the county among the subdivisions in which need for additional revenues has been found, in proportion to the amount of the needs of each as so determined * *
In its decision the Board of Tax Appeals emphasizes that the local fund is to be allocated by a county budget commission, or by the board on appeal, on the basis of relative additional needs for current operating expenses, among the political subdivisions entitled to participate, as shown by their respective tax budgets and supporting evidence, and that in no event, according to Section 5739.23, Revised Code, shall a county in the same classification as Lorain County be allotted more than 50% of such fund. Relative additional need is the criterion, and the allocation to all governmental units affected is to be made with such governing criterion in mind. Moreover, each of such units must be given an opportunity to present its case to the budget commission before allocation is made.
It is pointed out by the board that in the instant situation such opportunity was not afforded, and that the commis *102 sion arbitrarily and without supporting considerations allocated to Lorain County 50% of the fund.
Of course, on an appeal to the Board of Tax Appeals, such board, under Section 5705.37, Revised Code, hears and determines the controversy de novo upon the evidence presented to it, and the board’s findings “shall be substituted for the findings of the commission, and shall be certified to the county auditor and the taxing authority of the subdivision affected.”
There was considerable testimony submitted to the board on the appeals to it, and each governmental unit involved was given the opportunity to present its claims. In its decision, the board recites that it “has taken into consideration prior years general fund expenditures, tax duplicate valuations, anticipated revenues from other sources, population increases, annexations, items of capital or permanent improvements contained in the proposed expenditures from the general fund as set out in the budgets, inflated estimates of needs contained therein, self-help by way of voted levies outside the ten-mill limitation for current operating funds by the electors of some of the subdivisions, prior years economical operations as indicated by general fund balances on January 1, 1963, and all other pertinent factors.”
The factors governing its decision as detailed by the board, including needs, correspond with the pronouncements of this court in the cases of Thatcher, Aud., v. City of Columbus, 139 Ohio St., 473, 40 N. E. (2d), 921; City of Troy v. Miami County, 168 Ohio St., 418, 155 N. E. (2d), 909; and City of Lancaster v. Fairfield County Budget Comm., 174 Ohio St., 163, 187 N. E. (2d), 42.
A principal contention of appellants is that in relation to the appellee municipalities the term, “revenues available from all other sources,” as used in Section 5739.23, Revised Code, means “revenues that can be made available by action of the fiscal authority of the subdivision * * *. If a subdivision has methods of obtaining revenues which have not been tapped as resources but are permitted under the laws of the state of Ohio, then these revenue sources must also be considered.” In oral argument, one of counsel for appellants referred to the levy of municipal income taxes.
*103 The trouble with this argument is that the statute expressly refers to “revenues available,” and such expression can hardly be enlarged to include revenues which could or might be made available by the levy of additional taxes.
In the case of City of Columbus v. Budget Commission of Franklin County, 144 Ohio St., 437, 59 N. E. (2d), 367, the syllabus reads:
“On appeal, a final decision, entered by the Board of Tax Appeals in a case within the limits of its jurisdiction, will be reversed or modified only where the record clearly discloses that such decision is unreasonable or unlawful.”
We have examined the record in the instant case and have considered the elements which were taken into account by the Board of Tax Appeals in allocating the local government fund of Lorain County as it did, and we do not find such decision unreasonable or unlawful.

Decision affirmed.

Taut, C. J., Kovachy, 0 ’Neill, G-rippith, Herbert and Gibson, JJ., concur.
Kovachy, J., of the Eighth Appellate District, sitting by designation in the place and stead of Matthias, J. ■