By the Court.
 

 This is an appeal under Section 5611-2, General Code, by the Budget Commission of Summit county and the Board of Education of the Akron City School District from an adverse decision and order of the Board of Tax Appeals.
 

 In September, 1939, the city of Akron, being dissatisfied with the action of the Summit County Budget Commission as to the allocation of the classified property taxes for 1939, appealed to the Board of Tax Appeals. The controversy originally developed after the budget commission had certified to the Board of Edu
 
 *567
 
 cation of the Akron City School District an item of $28,472, which it estimated the school district would receive as a residue from the classified property taxes in the year 1939. Actual collections reduced the amount to $18,376.25, and the dispute is between the city of Akron and the Akron board of education as to which one should be awarded this amount. Other amounts already distributed are not here challenged.
 

 It was and is contended by the city that following the allocation of a definite amount to the state of Ohio and another definite amount to the boards of trustees of the five public libraries in Summit county, under the provisions of Section 5639, General Code, the budget commission should have allocated to the city of Akron a sum in excess of the $70,000 it fixed, and that it had no right to certify the sum of $28,472 to the Akron board of education.
 

 In contesting the city’s appeal to the Board of Tax Appeals, those who are now the appellants in this court seriously urged two main points: (1) That the city was estopped from challenging the acts of the budget commission because, by resolution of its council passed January 10,1939, it accepted the allocation of classified property taxes as made by such commission; and (2) that the allocation made by the budget commission was authorized and correct.
 

 In disposing of the question of the right of the city to appeal, the Board of Tax Appeals looked to substance rather than form, and held the appeal to have been properly filed. It next held that the January 10th resolution of the city council, having been adopted prior to the actual certification of the budget commission which occurred March 1, 1939, could not be used by way of estoppel against the city. In other words, it held that the resolution did not approve the official allocation of the budget commission, made after the resolution was passed.
 

 On the merits of the case it held that the allocation
 
 *568
 
 of the $28,472 to the Board of Education of the Akron City School District was improper, being in violation of Sections 5625-23, 5625-24 and 5639, General Code, and that under the last section the city was entitled-to the sum of $18,376.25, held by the county treasurer, which, added to the $70,000 allocated by the budget commission, gave the city a total of $88,376.25.
 

 It appears from the transcript of the evidence taken before the Board of Tax Appeals that of the estimated tax yield of $350,000 from classified property in Summit county, eighty-two per cent would come from the city of Akron. Under the fourth paragraph of Section 5639, General Code, each municipal corporation in a county is given a specified proportion of the classified property taxes originating therein, and it is only the residue of the undivided tax funds which goes to the school districts in the county, exclusive of the county school district.
 

 Although the decision does not go into detail, it was evidently determined by the board that the allocation which ought to have been made to the city of Akron in the first place by the budget commission should have exceeded $70,000, and that through such error the city was at least entitled to the remaining undistributed balance of $18,376.25, on the theory that a correct allocation would have left no residue for the school districts. Other considerations may have been that within Section 5625-24, General Code, no authority is given the budget commission to make an allocation of the classified property taxes to a board of education, and that by the terms of Section 5639, General Code, referring to “all the school districts in the county,” an allocation solely to the Board of Education of the Akron City School District was improper and unwarranted.
 

 >It is provided by Section 1464, General Code, that the Department of Taxation, composed of the Tax Commissioner and the Board of Tax Appeals, shall
 
 *569
 
 have the powers of the Tax Commission, and Section 5625-28, General Code, accords the Tax Commission power to modify the action of the budget commission and to substitute its findings for those of such commission.
 

 The evidence in this case is not nearly as definite, clear or complete as could be desired. In reviewing the-decision of the Board of Tax Appeals, rendered upon the evidence adduced, we cannot say its findings and conclusion are unreasonable or unlawful, and hence such decision is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Day, Zimmerman, "Williams, Myebs, Matthias and Hart, JJ., concur.