Weygandt, C. J.
 

 The first question presented is procedural.
 

 Before the Board of Tax Appeals the city’s appeal was styled “The City of Springfield, Ohio, Appellant, vs. The Budget Commission of Clark County, Ohio, and Harold M. Fross, County Auditor of Clark County, Ohio, Appellees. No. 5289.” For some unexplained reason the appeal in this court is captioned “John M. Stritch, as City Auditor of the City of Springfield, Ohio, and its Fiscal Officer, Appellant, vs. The Budget Commission of Clark County, Ohio, and Harold M. Fross, County Auditor of Clark County, Ohio, Appellees.” The notice of appeal is similarly worded. Section 5611-2, General Code, provides that an appeal from a decision of the Board of Tax Appeals “may be instituted: by any of the persons who were parties to such appeal or application before the Board of Tax Appeals; or by any other persons to whom the decision
 
 *497
 
 of the Board of Tax Appeals appealed from was, by law, required to be certified; or by any other person to whom the Board of Tax Appeals certified the decision appealed from, as authorized by Section 5611-1 of the General Code of Ohio.” The appellees correctly point out that Stritch, as auditor, comes within none of the three statutory classifications. He was not a party to the appeal before the Board of Tax Appeals ; he was not a person to whom the decision of the Board of Tax Appeals was, by law, required to be certified, inasmuch as he was not, under Section 5625-28, General Code, the county auditor or the city’s “taxing-authority” — the latter being- defined by Section 5625-1 (c), General Code, as “the council or other legislative authority of such municipal corporation;” and the record does not disclose that a copy of the decision of the Board of Tax Appeals was in fact certified to him. However, it is urged by counsel for the appellant that, despite the unfortunate wording of the caption and the notice of appeal, the appeal in truth has been perfected by and for the city of Spring-field alone. A majority of the court acquiesces in this .assurance.
 

 The substantive question presented by the appellant city is whether the decision of the Board of Tax Appeals affirming- the order of the Clark county budget commission is unreasonable or unlawful.
 

 Some of the numerous complaints of the appellant are that neither the budget commission nor the Board of Tax Appeals gave any consideration whatsoever to the appellant’s evidence; that the action of the commission and the board was arbitrary and discriminatory; that the determination of the amount needed by •each subdivision for current operating expenses was erroneous; and that the commission’s apportionment .among the various subdivisions “is misleading, in
 
 *498
 
 accurate, incomplete, unreliable, and was totally undeserving of consideration by tbe Board of Tax Appeals, when it so affirmed tbe action of tbe budget commission.”
 

 A study of the record fails to substantiate any of the appellant city’s contentions. A few illustrations will suffice. It is insisted that the commission arbitrarily determined that the county’s needs were the amount requested by it. The commission did so find for the county, but it likewise determined that the city’s needs were the sum it requested, and the record discloses evidence to sustain these findings.
 

 The city insists that the commission was in error in, estimating the probable receipts from various sources; but, again, there is evidence in the record tending to sustain the conclusions of the commission and the board. In this connection the city complains of an item of $90,000 as proceeds of certain bonds it was said to be planning to refund. It denies any such intention, but there is a conflict in the evidence.
 

 The city likewise insists that the apportionment of the fund between the city and the county was unfair. However, the record discloses that each was allowed 85.45% of the amount each was found to need.
 

 Finally, the city complains that its proffered exhibit 17 was excluded. This was entitled “Analysis of Clark County Budget Commission * * *” and consisted of a computation explanatory of the city’s views but without evidentiary value.
 

 Under the evidence presented by the record this court cannot hold the decision of the Board of Tax Appeals was either unreasonable or unlawful.
 

 Decision affirmed.
 

 Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bell, J., not participating.