27

CLEVELAND PUBLIC LIBRARY, APPELLANT, *v.* CUYAHOGA
COUNTY BUDGET COMM. ET AL., APPELLEES.
BOARD OF TRUSTEES OF THE CUYAHOGA COUNTY PUBLIC
LIBRARY, APPELLANT, *v.* CUYAHOGA COUNTY BUDGET COMM.
ET AL., APPELLEES.

(Nos. 70-237 and 70-240—Decided July 15, 1970.)

*Messrs. Arter & Hadden, Mr. Thomas V. Koykka* and
*Mr. William S. Burton,* for appellant Cleveland Public
Library.

*Messrs. Baker, Hostetler & Patterson, Mr. Alan G.
Rorick, Mr. H. Stephen Madsen* and *Mr. Frank T. Black,*
for appellant Board of Trustees of the Cuyahoga County
Public Library.

*Messrs. Benesch, Friedlander, Mendelson & Coplan,
Mr. Michael T. Honohan, Messrs. Wright, Harlor, Morris,
Arnold & Glander, Mr. Jon M. Anderson, Mr. John H.
Woehrmann* and *Mr. George M. Roudebush,* for appellees.

*Per Curiam.* All parties agree that the amount of money available for distribution in Cuyahoga County under R. C. 5705.32 for 1970 is $14,500,000. There are nine public libraries in Cuyahoga County which are qualified under R. C. 5705.28 to participate in the proceeds of classified property taxes collected by the county.

If the "needs" of those libraries exceed the total proceeds of classified property taxes collected within the county, all of it must be distributed to the libraries, and none may be distributed to political subdivisions which, otherwise, might share in such distribution. R. C. 5705.32; *County of Montgomery* v. *Budget Comm.* (1953), 160 Ohio St. 263; *Board of Trustees of Ross County District Library* v. *Budget Comm.* (1958), 168 Ohio St. 108.

The Budget Commission allocated a total of $14,316,-996 to the nine libraries, $735 to Cuyahoga County and $183,004 divided among 36 cities and 21 villages within the county. The Board of Tax Appeals allocated all the available monies to the nine libraries, concluding that the "actual needs" of the nine libraries for funds from the classified property taxes amounted to $15,356,965. The individual allocations to the nine libraries were then computed by applying the percentage ratio necessary to reduce the total to $14,500,000.

No appeal has been taken by Cuyahoga County or by any of the municipalities; nor have they filed briefs herein. Thus, all of the actively participating parties before this court are libraries, either as appellants or as appellees. All apparently agree that the total of the "needs" of such libraries exceeds the sum available for distribution. Each appellant asserts the right to a larger portion of the available funds, which claim, if granted, would reduce the monies available for distribution to the other eight libraries.

In their notices of appeal to this court, Cleveland Public Library (Cleveland) has complained of error in nine respects, and Cuyahoga County Public Library (Cuyahoga) has complained of error in seven respects. These claims culminate in the assertion by Cleveland that the board

erred in ordering distribution to it of "$7,468,340, whereas the board should have determined that the amount needed, and the amount distributable to it from the tax fund was $9,511,470;" and in the assertion by Cuyahoga that the board erred in finding that the total actual needs of Cuyahoga are $4,450,495 instead of $5,420,306, as requested by Cuyahoga and in making its allocation to Cuyahoga on the basis of the smaller amount. These requests of Cleveland and Cuyahoga alone total more than the monies available for distribution.

The determination of the many claims of error advanced herein would require an independent evaluation by this court of the respective "needs" of those here competing for shares in the distribution of available funds. Some of counsel apparently seek to have this court weigh the evidence as to the comparative value to the public of the various library services provided by each, establish thereby a specific order of priority of "needs," and then allocate payment in the order of such priority until the fund is depleted.

To the extent that such would involve consideration of the weight of the evidence, we stated in paragraph one of the syllabus of *Ace Steel Baling* v. *Porterfield* (1969), 19 Ohio St. 2d 137:

"Where it is claimed that a decision of the Board of Tax Appeals is against the weight of the evidence, the Court of Appeals is the appropriate court to consider that question, which involves a review of the whole record."

As stated in *Hercules Galion Products* v. *Bowers* (1960), 171 Ohio St. 176, "it was certainly not its [General Assembly's] intention to make this court a 'super' Board of Tax Appeals."

An allocation of the nature here in question involves a *factual* determination and the exercise of sound judgment. Initially, the law imposes the duty upon the Budget Commission. R. C. 5705.32. Its powers of allocation "are broad and discretionary in nature." *State, ex rel. Cleveland Heights,* v. *Davis* (1936), 131 Ohio St. 380.

Upon appeal to the Board of Tax Appeals, its finding in this respect is substituted for that of the budget commission. R. C. 5705.37. *Russell* v. *Akron* (1940), 136 Ohio St. 566; *Board of County Commrs. of Clark Co.* v. *Budget Comm.* (1946), 146 Ohio St. 636; *Lake County Budget Comm.* v. *Village of Willoughby Hills* (1967), 9 Ohio St. 2d 108; *Board of County Commrs.* v. *Willoughby Hills* (1967), 12 Ohio St. 2d 1. Thus, the board hears and considers the controversy *de novo*. *Budget Comm. of Lorain County* v. *Oberlin* (1964), 176 Ohio St. 99; *Brooklyn* v. *Cuyahoga County Budget Comm.* (1965), 2 Ohio St. 2d 181.

Upon appeal from the Board of Tax Appeals to this court, however, another full scale examination is not provided. At this stage of the proceedings, the issue is simply whether the decision of the board is unreasonable or unlawful. R. C. 5717.04; *Stritch* v. *Budget Comm. of Clark Co.* (1942), 140 Ohio St. 495; *County of Montgomery* v. *Budget Comm.* (1953), 160 Ohio St. 263; *City of Shaker Heights* v. *Budget Comm.* (1955), 162 Ohio St. 545. In *County of Montgomery* v. *Budget Comm., supra,* at page 265, we stated:

"What 'the needs of' a library are is a question of fact upon which each library has the burden of proof. In the first instance, the trier of the facts is the budget commission. Where a hearing *de novo* is held by the Board of Tax Appeals, it then becomes the trier of the facts. Unless its determination of the fact of 'the needs of' a particular library is unreasonable, this court will not disturb such determination."

The statement by this court as to distribution of the local government fund among eligible political subdivisions of a county in *Bd. of Co. Commrs.* v. *Willoughby Hills* (1968), 14 Ohio St. 2d 163, is equally applicable to the allocation of classified property tax funds among eligible public libraries within a county. We said there:

"There is just so much money in the undivided local government fund for distribution among the eligible political subdivisions of a county. It is difficult to attain absolute accuracy in allocating that fund. If the division made

by the Board of Tax Appeals is fair and impartial and is determined upon the basis of actual need as established by the evidence, a reviewing court may not disturb the allocation. It is only when it is apparent that the board has proceeded in an unreasonable or unlawful manner that a court may intervene."

From an examination of the record herein, except for apparent errors of tabulation and computation therefrom which will be discussed hereafter we do not conclude that the decision of the board was unreasonable or unlawful.

The decision of the board noted "* * * that libraries have a priority in the allocation of the classified property tax fund but that there is no priority between or among libraries in the allocation and that each allocation must be based on 'actual needs'."

Upon the basis of that statement, Cleveland asserts that the board erred as a matter of law. We do not agree. Once "actual needs" are determined, the statute does not provide for any priority of payment between libraries.

The decision of the board also stated, *inter alia*:

"We are aware that under the provisions of Revised Code Section 5705.32, classified property tax funds may be used by a library for both 'current operating expenses' and for 'construction of new buildings and improvements to existing buildings.' However, it seems only logical to conclude that the fund could best be spent, and should primarily be used, for 'current operations' where 'actual needs' for both 'current operations' and 'construction of new buildings and improvements' exceeds the amount in the fund. When new and branch libraries are built it becomes necessary to staff and maintain said new structures and this expense then becomes an additional 'current operating expense'."

Using this statement as a springboard, Cleveland asserts that since its claimed "needs" for current operating expenses were not fully met, the board erred in making allocations to each of the libraries, including Cleveland, for "Capital Outlay." Cuyahoga, on the other hand, assigns the statement itself as error, apparently on

the assumption that the board had unreasonably reduced its request of $421,600 for Capital Outlay to an allocation of $310,000.

In *County of Cuyahoga* v. *Budget Comm.* (1949), 152 Ohio St. 351, it was held that, under the *then existing statutes,* a county budget commission had no authority to allocate to a library, whose boundaries were not coextensive with the county, any of the proceeds of the classified property tax "to the extent that the request for such amount is based upon a need for construction of new library buildings." At that time G. C. 5625-24 (R. C. 5705.-32) provided, in part, that:

"* * * The budget commission shall also have authority to fix the amount of proceeds of classified property taxes, collected within the county, to be distributed to each board of public library trustees which shall have qualified or be qualified as provided in Section 5625-20 of the General Code for participation in the proceeds of such taxes * * *."

The statute was amended in 1951 (124 Ohio Laws 441) by adding immediately after the words quoted above the language: "based on the needs of such library for the construction of new library buildings, parts of buildings, improvements, operation, maintenance or otherwise, and notwithstanding the fact that alternative methods of financing such needs are available * * *."

In view of that language, which is now a part of R. C. 5705.32, the assertion of Cleveland that, as a matter of law, *no* allocation for any capital outlay may be made if *any* need for current operating expenses remains unsatisfied must be rejected.

The claim of Cuyahoga also is rejected. There are no statutory restrictions on the authority of the board to determine, as a matter of *fact*, the extent of the "actual needs" of a library, including needs for capital outlay. The record does not show that the determination by the board of the "needs" of Cuyahoga for capital outlay was either unreasonable or unlawful.

We turn now to the apparent errors of tabulation and computation. We quote from the decision of the board:

"With respect to the Cleveland City Public Library we find that its 12-month estimated general fund expenditures for the calendar year 1969 (actual expenditures and accrued amounts for the first 11 months of 1969 with a pro rata projection being made for the month of December 1969) are those set out in Column 1 hereunder. Column 2 is the budget request of the library for 1970 and Column 3 is the library's claimed need for 1970 first advanced on December 15, 1969 at the hearing before the Board of Tax Appeals.

| | | (1) | (2) | (3) |
|---|---|---|---|---|
| (1) | Administration | $ 187,379.91 | $ 185,721.00 | $ 213,121.00 |
| (2) | Personal Services | 5,163,331.00 | 6,522,711.00 | 6,735,311.00 |
| (3) | Service Materials | 469,576.49 | 907,983.00 | 1,674,870.00 |
| (4) | Transportation | 5,861.27 | 9,500.00 | 9,500.00 |
| (5) | Operation | 281,090.70 | 335,970.00 | 374,070.00 |
| (6) | Maintenance | 71,365.69 | 94,320.00 | 177,120.00 |
| (7) | Capital Outlay | 24,020.30 | 39,522.00 | 118,943.00 |
| (8) | G. F. Debt Service | 916,187.56 | [x] 1,515,500.00 | 1,516,500.00 |
| (9) | Library for Blind | 66,310.49 | 79,100.00 | 79,100.00 |
| (10) | Special Projects | – | – | 112,935.00 |
| | Total | $7,185,123.41 | $9,690,327.00 | $11,011,470.00 |

12 months estimated $7,838,315.00

Comparable figures for the Cuyahoga County Public Library are as follows for Columns 1 and 2.

| | | (1) | (2) |
|---|---|---|---|
| (1) | Administration | $ 164,475.00 | $ 175,850.00 |
| (2) | Personal Services | [z] 2,648,608.00 | 3,426,110.00 |
| (3) | Service Materials | 1,040,383.00 | 1,404,200.00 |
| (4) | Transportation | 8,034.00 | 10,000.00 |
| (5) | Operation | 223,954.00 | 299,750.00 |
| (6) | Maintenance | 90,557.00 | 184,000.00 |
| (7) | Capital Outlay | 48,565.00 | 421,600.00 |
| (8) | G. F. Debt Service | 607,215.00 | [x] 1,069,685.00 |
| | Total | $4,831,791.00 | $6,991,195.00 |

12 months estimated $5,271,044.00

"We have examined the 'claimed needs' for each of these two giants in the library field in Cuyahoga County and we must admit that even King Solomon might experience some difficulty in arriving at 'actual needs' as distinguished from 'claimed needs.' However, from the testimony and evidence before us, it is our judgment that the 'actual needs' of the two libraries for calendar year 1970 for funds from the classified property tax fund are as follows:

| | Cleveland City Library | Cuyahoga County Library |
|---|---|---|
| (1) Administration | $ 213,121.00 | $ 175,850.00 |
| (2) Personal Services | 6,343,106.00 | [z] 2,648,608.00 |
| (3) Service Materials | 800,000.00 | 997,487.00 |
| (4) Transportation | 9,500.00 | 10,000.00 |
| (5) Operation | 360,000.00 | 279,750.00 |
| (6) Maintenance | 100,000.00 | 154,000.00 |
| (7) Capital Outlay | 60,000.00 | 310,000.00 |
| (8) G. F. Debt Service | [x] 1,515,500.00 | [x] 1,515,500.00 |
| (9) Library for Blind | 79,100.00 | – |
| Total "Actual Needs" | $9,480,327.00 | $6,091,195.00 |
| Less "Other Sources" | 1,770,600.00 | 1,640,700.00 |
| Actual Needs from C. P. T. F. | [y] $7,709,727.00 | $4,450,495.00 |

[Here the board determined the "actual needs" of the other seven libraries which need not be set in detail since no claim of error is addressed specifically thereto.]

"Our computation shows that the 'actual needs' of the nine libraries for funds from the Classified Property Tax Fund for 1970 are those set out in Column (2) hereunder and that the fund must be, and therefore is, allocated by the Board of Tax Appeals as set out in Column (3) hereunder. For convenience of the parties the allocation of the fund as originally made by the Cuyahoga County Budget Commission is set out in Column (4) hereunder.

| Libraries | (2) | (3) | (4) |
|---|---|---|---|
| Cuyahoga County | $ 4,450,495 | $ 4,202,144 | $ 3,817,906 |
| Cleveland City | [y] 7,909,727 | 7,468,340 | 7,681,927 |
| Cleveland Heights) University Heights) | 748,395 | 706,632 | 699,756 |
| East Cleveland | 386,613 | 365,039 | 386,613 |
| Euclid | 532,308 | 502,604 | 502,000 |
| Lakewood | 604,363 | 570,638 | 556,374 |
| Rocky River | 183,174 | 172,953 | 170,950 |
| Shaker Heights | 451,920 | 426,701 | 411,500 |
| Porter (Westlake) | 89,970 | 84,949 | 89,970 |
| Cuyahoga County | | - | 735 |
| Cities and Villages | | - | 182,269 |
| Total | $15,356,965 | $14,500,000 | $14,500,000" |

For reference, we have inserted the letters [x], [y] and [z] within the above quotation.

With reference to [x], we note that although the budget request of Cuyahoga for "G. F. Debt Service" was $1,069,684, the board determined its "actual needs" in such respect to be $1,515,500, the identical figure found to be the "actual needs" of Cleveland for "G. F. Debt Service." This, obviously was a mistake which affected the final allocation to all nine libraries. What figure the board intended cannot be ascertained from the record.

Under [y], we observe that the total "actual needs" of Cleveland were first computed at $7,709,727, and then listed as $7,909,727 in the table computing the total needs of all nine libraries. This alone would cause the total needs to be over-stated by $200,000.

Under [z], we find that the board allocated to Cuyahoga as "actual needs" for "Personal Services," the sum of $2,648,608, which figure, coincidentally, happens to be the exact figure reflecting expenditures by Cuyahoga for "Personal Services" for the first 11 months of 1969. Although, as asserted by counsel opposing Cuyahoga, it might be *possible* that the board actually intended to employ such figure, it would appear that such is "only a remote

possibility.'' *Lake County Budget Comm.* v. *Willoughby Hills, supra* (9 Ohio St. 2d 108).

All participating counsel recognize that some errors in tabulation and computation were made by the board. On the basis of the errors described above as [x] and [y], Cleveland, in effect, urges this court to allocate the resultant deductions from the allocation to Cuyahoga to it alone.

Some of the appellees, on the other hand, urge us merely to recompute and spread such monies proportionately among the other eight libraries. To follow either of these suggested courses would transpose this court into a ''super Board of Tax Appeals.'' The factual determination of what are the ''actual needs'' of Cuyahoga for ''G. F. Debt Service,'' and the ''actual needs'' of Cuyahoga for ''Personal Services'' is a matter for the judgment of the Board of Tax Appeals, not of this court.

The decision of the Board of Tax Appeals is, therefore, reversed, and the cause remanded to the Board of Tax Appeals for further proceedings in accordance with this opinion.

*Decision reversed.*

SCHNEIDER, Acting C. J., SHANNON, LEACH, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

SHANNON, J., of the First Appellate District, sitting for O'NEILL, C. J.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.