CLEVELAND PUBLIC LIBRARY, APPELLANT, *v.* CUYAHOGA COUNTY BUDGET COMMISSION; CLEVELAND HEIGHTS-UNIVERSITY HEIGHTS PUBLIC LIBRARY ET AL., APPELLEES. BOARD OF LIBRARY TRUSTEES, PORTER PUBLIC LIBRARY, APPELLANT, *v.* CUYAHOGA COUNTY BUDGET COMMISSION; CLEVELAND HEIGHTS-UNIVERSITY HEIGHTS PUBLIC LIBRARY ET AL., APPELLEES.

[Cite as Cleveland Public Library *v.* Cuyahoga Cty. Budget Comm. (1986), 28 Ohio St. 3d 390.]

(Nos. 86-12 and 86-51—Decided December 30, 1986.)

*Weston, Hurd, Fallon, Paisley & Howley, John M. Baker, Lewis T. Barr* and *Harry S. Sigmier;* and *Carl J. Character,* for appellant Cleveland Public Library.

*Albert E. Fowerbaugh,* for appellant Porter Public Library.

*Baker & Hostetler, Louis A. Colombo* and *John R. Witri,* for appellee Cuyahoga County Public Library.

*Jones, Day, Reavis & Pogue* and *John C. Duffy, Jr.,* for appellee Cleveland Heights-University Heights Public Library.

*Coaxum & Hewitt, James H. Hewitt III* and *Edward C. Coaxum, Jr.,* for appellee East Cleveland Public Library.

*Daniel R. Corcoran,* for appellee Euclid Public Library.

*Schneider, Smeltz, Huston & Ranney, Phillip A. Ranney* and *James D. Vail,* for appellee Lakewood Public Library.

*Gallagher, Sharp, Fulton & Norman, Burt Fulton* and *John B. Robertson,* for appellee Rocky River Public Library.

*McGinness, Painter & McGinness, Neil McGinness* and *Harold A. Phelan,* for appellee Shaker Heights Public Library.

*Edgar L. Lindley* and *Charles F. Glander,* urging affirmance for *amicus curiae,* Public Library of Columbus and Franklin County.

*Knepper, White, Arter & Hadden, Geoffrey Stern* and *Katharine Bowman Bills,* urging reversal for *amici curiae,* Bexley Public Library et al.

*Per Curiam.* The sole issue before us is whether the allocation order of the Board of Tax Appeals is unreasonable or unlawful. For the reasons which follow, we find it to be unlawful and order the cause remanded to that entity for further elaboration.

R.C. 5705.32 authorizes the county budget commission to allocate the funds to qualified participants by providing, in pertinent part:

"[T]he Commission shall fix the amount * * * to be distributed to each board of public library trustees * * * [and] base the amount for distribution on the needs of such library for the construction of new library buildings, parts of buildings, improvements, operation, maintenance, or other expenses."[5]

While R.C. 5705.32 gives the budget commission the duty to make the initial allocation of this tax fund based on the libraries' needs, R.C. 5705.37 allows the Board of Tax Appeals to modify any action of the commission by providing that "[t]he finding of the board of tax appeals shall be substituted for the findings of the commission * * *." This statutory scheme thus requires all questions of fact to be resolved first by the budget commission and, second, in a trial *de novo* by the Board of Tax Appeals.

---

[5] This statute has since been amended, effective September 11, 1985, and is thus inapplicable to this cause.

*Cty. of Montgomery* v. *Budget Comm.* (1953), 160 Ohio St. 263, 265-266 [52 O.O. 141]; *Cleveland Public Library* v. *Budget Comm.* (1970), 23 Ohio St. 2d 27, 29-30 [52 O.O.2d 83]. The factual determination of what the "* * * 'needs' of the libraries are for various operations and projects * * * must be based upon actual 'need' and not upon mere 'justifiable expense,' " *Bd. of Trustees of Ross Cty. Dist. Library* v. *Budget Comm.* (1958), 168 Ohio St. 108 [5 O.O.2d 363], paragraph one of the syllabus, and not upon mere "wants," *Cleveland Public Library, supra,* at 31, quoting from *Bd. of Trustees of Cuyahoga Cty. Public Library* v. *Budget Comm.* (Mar. 19, 1970), BTA Nos. 75330 and 75460, unreported.

The Board of Tax Appeals found that since the budget commission based more than eighty percent of its allocation on past allocations, it had failed to consider the actual needs of the libraries. The board thus made its own review of the record, briefs, exhibits and the Touche Ross Report. The board found that all nine library systems seemed to agree that the factors taken into account in the Touche Ross Report were important in determining the libraries' needs. It held that "[a]lthough these factors are not the sole criteria used to determine need, and realizing that each individual budget in its totality must be analyzed, this Board has included these factors in its need determination analysis." The remainder of that decision is merely an enumeration of specific amounts of the classified property tax fund to be awarded to specific libraries.[6]

Upon review of a Board of Tax Appeals decision, this court shall reverse same "[i]f the court decides that such decision of the board is unreasonable or unlawful." R.C. 5717.04. We have held that this statutorily prescribed standard of review prohibits us from weighing the evidence as to the comparative value, and thus priority, of the various library needs. *Cleveland Public Library, supra,* at 29. As we have stated previously, these are factual questions for the budget commission in the first instance and for the Board of Tax Appeals in the second and final instance in its trial *de novo,* and not for this court which must affirm if the

---

[6] The only "findings" of the Board of Tax Appeals were as follows:

"Giving consideration to all of the evidence submitted in this matter, we hereby substitute our judgment for that of the Budget Commission of Cuyahoga County and allocate the Classified Property Tax Fund as follows:

| | |
|---|---|
| "Cuyahoga County Public Library | $12,015,220.00 |
| "Cleveland Public Library | 11,870,054.00 |
| "Porter Public Library (Westlake) | 249,425.00 |
| "Cleveland Heights/University Heights Public Library | 1,458,761.00 |
| "East Cleveland Public Library | 865,646.00 |
| "Euclid Public Library | 990,855.00 |
| "Lakewood Public Library | 1,114,790.00 |
| "Rocky River Public Library | 381,654.00 |
| "Shaker Heights Public Library | 910,120.00" |

board's factual findings are reasonable and lawful. R.C. 5717.04; *Cleveland Public Library, supra,* at 30.

Our concern with the board's decision below is not that its factual findings of actual need based on expenses under R.C. 5705.32 are unreasonable, but that they do not exist, at least not in the record in such a way as to enable us to review them for reasonableness or lawfulness. All that appears are the dollar amounts awarded to each library; we find it highly unlikely that the actual needs of each library precisely match the amount available dollar for dollar. It is contrary to law for the Board of Tax Appeals to fail to fulfill its duty to ascertain the libraries' needs and then to fail to set forth the basis of its findings within its decision and order. For this reason alone we must reverse and remand the cause to the Board of Tax Appeals in order that it may enunciate its actual needs determinations.

Appellees argue that the Board of Tax Appeals is not required to make findings of need so long as it bases its allocation order on the needs of the libraries. This argument ignores this court's duty to affirm reasonable, and reverse unreasonable, determinations, which duty can be performed only when the board's findings as to the actual needs of the libraries are in its decision. See *Cleveland* v. *Budget Comm.* (1976), 47 Ohio St. 2d 27, 31 [1 O.O.3d 17], where we reversed the board's decision "[b]ecause the opinion of the board fail[ed] to set out adequate reasons, supported by the evidence, for its finding * * *." This court is not required to accept the board's recitation that it has made a *de novo* determination of need. See *Lake Cty. Budget Comm.* v. *Willoughby Hills* (1967), 9 Ohio St. 2d 108 [38 O.O.2d 289].

Although it is an extremely difficult task to pare down each library's proposed budget to only those items each "actually needs," this is the duty placed on the budget commission and the Board of Tax Appeals by R.C. 5705.32. In fact, this duty has been shouldered in scores of Board of Tax Appeals decisions which have undertaken a detailed analysis of each library's claimed needs. See *Grandview Heights School Dist. Public Library* v. *Franklin Cty. Budget Comm.* (Aug. 12, 1976), Franklin App. Nos. 76AP-165, 76AP-184 and 76AP-249, unreported; *Oakwood Public School Library* v. *Budget Comm.* (June 20, 1977), BTA Nos. E-1919 and E-1925, unreported; and *Cleveland Public Library* v. *Budget Comm.* (Mar. 19, 1970), BTA Nos. 75330 and 75460, unreported, reversed (1970), 23 Ohio St. 2d 27 [52 O.O.2d 83] (which contained tables not only of libraries' past expenditures and claimed needs but also of the board's determinations of such libraries' actual needs — all the tables including the following categories: administration, personal services, service materials, transportation, operation, maintenance, capital outlay, and general fund debt service). A line-by-line budgetary analysis was thus followed by the board and implicitly approved by this court in *Cleveland Public Library, supra.*

Appellee Cleveland Heights-University Heights Public Library's citation of *Wolf* v. *Cuyahoga Cty. Bd. of Revision* (1984), 11 Ohio St. 3d 205,

for the proposition that the Board of Tax Appeals is not required to make factual determinations of need, is not on point. Instead, we held that there was no mandatory duty on the Board of Tax Appeals to make separate findings of fact and conclusions of law for each tax year and for each specific parcel of land. Even if that case involved the same statute, which it clearly did not, the Board of Tax Appeals was still required to record its valuation of the land in question. Here, all we are requiring the board to do is record its valuation of the libraries' needs. We cannot remain "in the dark as to whether the board considered the justifiable expense as a genuine need." *Ross Cty. Dist. Library, supra,* at 111.

Finally, this court has been asked by a number of the appellees to fashion a specific formula to aid in the distribution of these funds. This court has no power to propound a specific formula for the determination of "need" of the various libraries, nor can we mandate that the Board of Tax Appeals formulate a rigid rule for such determination. However, reflection upon the historic number of cases for appellate review concerning library board allocations would seem to suggest that it would not be unlawful for the Board of Tax Appeals to establish reasonably understandable criteria for the determination of need. The establishment of a general rule may prove to be helpful for the library boards in order that they might predetermine the manner in which they will present their material in support of their budgetary needs.

The Board of Tax Appeals, in its decision here, expressly found that its allocation "must reflect the proportionate benefit received by those who may use the library facilities." In making that allocation, it would appear that the board considered the objective factors of population and library use as a measure, in part, of proportionate benefit received. Although, as stated, this court shall not establish guidelines or specific criteria for the determination of the libraries' needs, it would seem reasonable that the board consider population and area to be served, facilities and programs, as among the definite and quantifiable indicia of actual needs of the libraries. The board's establishing certain definite and quantifiable criteria for determining the communities' needs for library services and allocating tax revenues to public entities would seem to have a great deal of merit, and to be within the intent and purpose of R.C. 5705.32 to achieve fair distribution of library funds.

However, as stated, our disagreement with the decision of the Board of Tax Appeals is due to the fact that it did not, with any degree of specificity, set forth its basis of determination of need in the instance of each of the libraries.

Accordingly, the decision of the Board of Tax Appeals is hereby reversed and the cause is remanded for further proceedings in conformity with this opinion.

*Decision reversed*
*and cause remanded.*

LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

CELEBREZZE, C.J., and DOUGLAS, J., dissent, with opinion.

SWEENEY, J., dissents.

LOCHER, J., concurring. I concur completely with today's decision. However, I must add some additional observations that have a bearing on this matter.

It is essential that the board strongly consider the unique nature of the Cleveland Public Library. There are approximately twenty-five major research and reference public libraries in the United States. Of these, the Cleveland Public Library is ranked among the top five in terms of the range, depth and scope of its collection. The result of a substantial cut in funding for this library would be a great loss to all citizens of Ohio.

The cost of operating this library is substantially more than that of all the branch libraries combined. This is because of the number of specialized departments and size of the book collection, which contains close to two million separate titles. Some of these departments, such as the Business Information Bureau, are internationally recognized as models for other libraries. Additionally, a research and reference library has an obligation which differs from that of branch libraries. Its goal is the preservation of our heritage. A research and reference library must collect documents which are sometimes very rare and require preservation under particular conditions. Special conditions of heating, ventilation and air conditioning are also required. Finally, it must have a specialized staff to make these materials fully accessible to those who need them.

It should also be observed that the library does not simply serve the needs of the citizens of Cleveland. The record reflects that the library is used more by non-Cleveland residents than by Cleveland residents for research and reference transactions.

A denial of the appropriate funding needed by the Cleveland Public Library will be a serious loss to the scholars, scientists, engineers, attorneys, accountants, historians, linguists and teachers who comprise the citizenry of northern Ohio. The knowledge that these people gain from the library's vast collection benefits not only the northern region of Ohio but the entire state through advancement in business, science, teaching and scholarship of all types.

For these reasons, I strongly urge the board to consider the unique characteristics of this institution in its review of this matter.

WRIGHT, J., concurs in the foregoing concurring opinion.

CELEBREZZE, C.J., dissenting. The only issue before this court is whether the decision of the Board of Tax Appeals is unreasonable or un-

lawful. It should be clear to every member of this court that the board, in fulfilling its duty to allocate the intangibles revenue among nine competing libraries, faced a task worthy of King Solomon. It should also be apparent that the board's decision was made after an exhaustive hearing and careful consideration of the actual needs of each of these libraries.

I do not perceive any reason to remand this cause to the board with orders to specify further the basis of its needs determination. In allocating intangibles revenue, the county budget commission must *"base* the amount for distribution on the needs of such library for the construction of new library buildings, parts of buildings, improvements, operation, maintenance, or other expenses." (Emphasis added.) R.C. 5705.32. The board, in its *de novo* review of the budget commission's order, is governed by this same standard. There is nothing in R.C. 5705.32 which requires either the budget commission or the board to set forth in its decision a detailed analysis of the actual needs of each library, so long as that decision properly takes into account those actual needs.

In the instant case, the allocations were made after consideration of numerous factors, as the board explained in its decision:

"The Board of Tax Appeals has carefully reviewed the record of the hearing, the numerous briefs and reply briefs, and the exhibits submitted by the parties. It appears that all nine library systems agree that the factors contained in the Touche Ross Report are important in determining the needs of the libraries. Said factors include population and service area, library use, and number and size of facilities. *Athough these factors are not the sole criteria used to determine need,* and realizing that each individual budget in its totality must be analyzed, *this Board has included these factors in its need determination analysis."* (Emphasis added.)

This explanation belies the majority's conclusion that the board failed to set forth the basis for its findings. The board's decision makes clear that its allocations were necessarily *based,* in accordance with R.C. 5705.32, on its careful ascertainment of the actual needs of each library. Where, as here, it is obvious that the board's decision fulfills this statutory mandate to *base* allocations on actual needs, it is inappropriate for this court to engineer a remand of this cause by requiring unnecessary mathematical calculations.

The lawfulness and reasonableness of the board's difficult decision are evident from the record. The various interests at stake, competing for a share of limited revenue, cannot be fully satisfied. As we have recognized in a similar case:

"There is just so much money in the undivided local government fund for distribution among the eligible political subdivisions of a county. It is difficult to attain absolute accuracy in allocating that fund. If the division made by the Board of Tax Appeals is fair and impartial and is determined upon the basis of actual need as established by the evidence, a reviewing court may not disturb the allocation." *Bd. of Cty. Commrs.* v. *Willoughby*

*Hills* (1968), 14 Ohio St. 2d 163, 164 [43 O.O.2d 257], quoted with approval in *Cleveland Public Library* v. *Budget Comm.* (1970), 23 Ohio St. 2d 27, 30-31 [52 O.O.2d 83].

The board's division in the instant case was fair, impartial and determined on the basis of the evidence of actual needs presented at the hearing. Rather than perpetuating the struggle between these libraries, this court should have made a determination on the merits of the board's decision and put an end to this litigation. I would affirm the decision of the Board of Tax Appeals.

For the foregoing reasons, I respectfully dissent.

DOUGLAS, J., concurs in the foregoing dissenting opinion.