BABCOCK & WILCOX COMPANY, APPELLANT, *v.* STARK
COUNTY BOARD OF REVISION, APPELLEE.

[Cite as *Babcock & Wilcox Co. v. Stark Cty.
Bd. of Revision* (1992), 65 Ohio St.3d 290.]

(No. 91–2317—Submitted October 1, 1992—Decided December 14, 1992.)

*Baker & Hostetler, Edward J. Bernert* and *Beverly C. Bishop*, for appellant.

*Robert D. Horowitz*, Prosecuting Attorney, and *Gary D. Cerrone*, Assistant Prosecuting Attorney, for appellee.

---

*Per Curiam.* In its appeal to this court, Babcock & Wilcox argues that the BTA's decision can not stand because it failed to identify the basis for its decision and the evidence relied upon in reaching that decision, and because it was improperly based upon evidence of value in use rather than value in exchange.

The board of revision contends that the BTA's decision was proper because it affirmed the determination of value made by the board of revision and

because Babcock & Wilcox failed to sustain its burden of proving that the BTA's determination of value was improper.

For the reasons that follow, we agree with appellant and reverse the decision of the BTA.

R.C. 5717.01 requires a board of revision to "certify to the board of tax appeals a transcript of the record of the proceedings of the county board of revision pertaining to the original complaint, and all evidence offered in connection therewith. * * *

"The board of tax appeals may order the appeal to be heard on the record and the evidence certified to it by the county board of revision, or it may order the hearing of additional evidence * * *."

R.C. 5717.03 provides in part:

"In case of an appeal from a decision of a county board of revision, the board of tax appeals shall determine the taxable value of the property whose valuation * * * by the county board of revision is complained of * * * and its decision * * * shall be certified by it * * *."

*Howard v. Cuyahoga Cty. Bd. of Revision* (1988), 37 Ohio St.3d 195, 524 N.E.2d 887, involved a disagreement as to the proper true value of real estate. There, we identified our responsibility:

"After we hear arguments and consider the record and evidence, we then decide whether the BTA's decision is reasonable and lawful. If it is, we affirm the decision; if it is not, we reverse and vacate or modify it." *Id.* at 197, 524 N.E.2d at 889. We cited *Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision* (1988), 37 Ohio St.3d 16, 24, 523 N.E.2d 826, 833, where we reversed a BTA decision because it did not state "specific reasons" for its decision, and we said further, "it was not enough for the BTA to state that its additional study compelled its conclusion." *Howard, supra,* 37 Ohio St.3d at 197, 524 N.E.2d at 889.

Likewise, we reversed the BTA in *Cleveland Pub. Library v. Cuyahoga Cty. Budget Comm.* (1986), 28 Ohio St.3d 390, 28 OBR 448, 504 N.E.2d 421, because the BTA had not set forth the basis of its findings and we could perform our "duty to affirm reasonable, and reverse unreasonable, determinations * * * only when the board's findings * * * are in its decision." *Id.* at 394, 28 OBR at 451, 504 N.E.2d at 424. It can be said of the instant case, as we said in *Howard,* that the BTA "had much evidence before it, including the testimony of two appraisers * * *. The BTA did not explain this discrepancy, and we are unable to understand how such a value can be found.

"The witnesses' opinions on the valuation of the property were divergent. This court is unable to perform its appellate duty when it does not know which facts the BTA selected in rendering its decision. We now require it to state

what evidence it considered relevant in reaching its value determinations." *Id.*, 37 Ohio St.3d at 197, 524 N.E.2d at 889.

In the instant case there was no evidence of a recent sale of the subject premises, which, as we have held before, is the best method of determining the actual or true value of real property. Absent that, an appraisal based on the amount that such property would bring if sold on the open market would suffice. As we observed in *State ex rel. Park Investment Co. v. Bd. of Tax Appeals* (1972), 32 Ohio St.2d 28, 33, 61 O.O.2d 238, 241, 289 N.E.2d 579, 582:

" 'However, such information is not usually available, and thus an appraisal becomes necessary.' "

The board of revision urges us to affirm the BTA because Babcock & Wilcox failed to present evidence to overcome the presumption that the board of revision's determination of value was proper. The BTA found that both appellant's and appellee's appraisers' evidence as to value was "not persuasive" and thus it ratified the value determined by the board of revision. We disagree. We reach our conclusion because there was evidence in the record upon which the BTA might have determined value. Moreover, on April 15, 1992, we granted appellant's motion to supplement the record by including the additional appraisers' reports submitted to the board of revision. Based upon its review of those reports and other evidence before it, the BTA should determine the true value of appellant's real property. Manifestly, the BTA has the ultimate responsibility to determine questions of fact, and the value of real property is a question of fact. However, this court cannot perform its responsibility of determining whether a decision of the BTA is reasonable and lawful unless the reasons for its decision, and the evidence upon which it relied in reaching that decision, are set forth. The record before the BTA contained evidence of value submitted by appellant and by appellee. Regardless of whether those opinions of value were consistent with the determination of the board of revision, were supported by the board's appraiser, or were in conflict with the evidence presented by the appellant, the BTA must explain its decision so this court can determine whether its action was reasonable and lawful.

Thus, it is that the decision of the BTA is reversed and remanded for further consideration consistent with this opinion.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.