OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Montpelier Public Library, Appellee, v. Williams County Budget
Commission et al.; Bryan Public Library, Appellant.
[Cite as Montpelier Pub. Library v. Williams Cty. Budget Comm.
(1993),        Ohio St.3d       .]
Public libraries -- Allocation of county library support funds
     -- Remand from Supreme Court to Board of Tax Appeals to
     determine what part of library's expendable fiduciary
     funds consisted of interest on revenues deposited to that
     account -- BTA's decision reversed and remanded when BTA
     fails to set forth details of its findings on relative
     needs or the basis on which modified allocations were made.
     (No. 92-653 -- Submitted January 14, 1993 -- Decided July
14, 1993.)
     Appeal from the Board of Tax Appeals, Nos. 86-F-1282 and
88-F-838.
     This case was previously before this court in Montpelier
Pub. Library v. Williams Cty. Budget Comm. (1991), 61 Ohio
St.3d 390, 575 N.E. 2d 152.  There, we instructed the Board of
Tax Appeals ("BTA")  to determine "what part, if any, of the
unencumbered balance in Bryan's expendable fiduciary funds
consisted of interest on revenues deposited to that account,
and, if necessary," to redetermine the appropriate allocations
of the Williams County library and local government support
funds to Montpelier and to Bryan for 1987 and 1989.  Id. at
396, 575 N.E. 2d at 157.
     On remand, the BTA reduced the allocation to Bryan,
because Bryan had earned interest on its expendable fiduciary
funds, which enabled it to better meet its needs.
     Bryan now appeals on the basis that the BTA failed to
allocate funds pursuant to R.C. 5705.32(B) and properly follow
this court's instructions, and to redetermine Bryan's needs;
and that it erred in considering the entire amount of interest
earned by Bryan and the unencumbered balance in Bryan's
expendable fiduciary funds in calculating the allocation.
     This cause is now before this court upon an appeal as of
right.

     Albert E. Fowerbaugh, for appellee.

Squire, Sanders & Dempsey and Stephen P. Grassbaugh, for appellant.

Per Curiam.  We reverse and remand the decision of the BTA.

Although the BTA did consider "Bryan's unencumbered balance in its expendable fiduciary funds," we noted in Montpelier, supra, there was no evidence that only the "protected" funds were included in such balance.  According to our earlier decision in Montpelier, the BTA was to determine what part, if any, of Bryan's expendable fiduciary funds consisted of interest.

The BTA on remand found it unnecessary to conduct an additional evidentiary hearing because, it concluded, it could decide from the record what part of the expendable fiduciary funds consisted of interest, and whether it was necessary to redetermine the allocations.  The BTA, stating it recognized that R.C. 5705.32(B) precluded the use of these types of revenue sources, e.g., interest, to reduce Bryan's allocation, claimed it attached no weight to the existence of the funds.  Moreover, while the BTA noted "the presence of Bryan's expendable fiduciary account," it did not "allow the simple existence of that non-tax revenue to contribute to a reduction in Bryan's allocation."

The BTA specifically found that the only evidence in the record of any interest earnings on Bryan's expendable fiduciary funds account showed Bryan had earned $22,087 in interest during 1988.  However, according to its decision on remand, the BTA had not specifically considered this 1988 amount in its first decision when it modified the allocations for 1987 and 1989.  It then decided, in its decision on remand: "[I]n our judgment, this * * * interest * * * merely represents some increased ability by Bryan to meet its outstanding needs" and "the precise amount thereof should not simply be added to or subtracted from the existing allocations but applied, in context, with all the other relevant factors" in the BTA's previous analysis (viz., that Montpelier required additional funding).  Accordingly, and without explaining the basis for its computation, the BTA modified its prior decision, by slightly increasing Montpelier's allocation, to reflect Bryan's expanded capability to fund its existing needs.

Our instructions, in Montpelier, supra, were precise. The BTA was to determine what part, if any, of the unencumbered balance in Bryan's expendable fiduciary funds consisted of interest, which it did, and to redetermine appropriate allocations to Montpelier and to Bryan for 1987 and 1989.

However, we said, in Montpelier, supra, at 395, 575 N.E.2d at 156-157, that interest earned on "protected" items could be considered in determining needs, since it is not legislatively included in the protected class.  Although the BTA stated, in its decision on remand, that it had not considered such interest, or other portions of Bryan's expendable fiduciary funds, in its first decision, it nevertheless reduced Bryan's allocation and increased Montpelier's because the interest earned increased Bryan's capacity to fund its existing needs.

This observation may be appropriate and the BTA's decision may be correct; however, we are unable to determine whether the BTA's conclusory allocations are reasonable and lawful.  The

BTA failed to set forth the details of its findings on relative needs, or the basis on which the modified allocations were made.  This failure violates Cleveland Pub. Library v. Cuyahoga Cty. Budget Comm. (1986), 28 Ohio St. 3d 390, 394, 28 OBR 448, 451, 504 N.E.2d 421, 424, which stated:  "It is contrary to law for the Board of Tax Appeals to fail to fulfill its duty to ascertain the libraries' needs and then to fail to set forth the basis of its findings within its decision * * * ."

Having failed to set forth the basis of its findings, the BTA's decision is unlawful.  The BTA's decision is reversed and remanded with instructions to the BTA to specify the details of its computation of the modified allocations of the Williams County library and local government support funds for 1987 and 1989.

                              Decision reversed
                              and remanded.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.