MONTPELIER PUBLIC LIBRARY, APPELLEE, *v.* WILLIAMS COUNTY BUDGET COMMISSION ET AL.; BRYAN PUBLIC LIBRARY, APPELLANT.

[Cite as *Montpelier Pub. Library v. Williams Cty. Budget Comm.* (1993), 66 Ohio St.3d 634.]

(No. 92–653—Submitted January 14, 1993—Decided July 14, 1993.)

*Albert E. Fowerbaugh,* for appellee.

*Squire, Sanders & Dempsey* and *Stephen P. Grassbaugh,* for appellant.

*Per Curiam.* We reverse and remand the decision of the BTA.

Although the BTA did consider "Bryan's unencumbered balance in its expendable fiduciary funds," we noted in *Montpelier, supra,* there was no evidence that only the "protected" funds were included in such balance. According to our earlier decision in *Montpelier,* the BTA was to determine what part, if any, of Bryan's expendable fiduciary funds consisted of interest.

The BTA on remand found it unnecessary to conduct an additional evidentiary hearing because, it concluded, it could decide from the record what part of the expendable fiduciary funds consisted of interest, and whether it was necessary to redetermine the allocations. The BTA, stating it recognized that R.C. 5705.32(B) precluded the use of these types of revenue sources, *e.g.,* interest, to reduce Bryan's allocation, claimed it attached no weight to the existence of the funds. Moreover, while the BTA noted "the presence of Bryan's expendable fiduciary account," it did not "allow the simple existence of that non-tax revenue to contribute to a reduction in Bryan's allocation."

The BTA specifically found that the only evidence in the record of any interest earnings on Bryan's expendable fiduciary funds account showed Bryan had earned $22,087 in interest during 1988. However, according to its decision on remand, the BTA had not specifically considered this 1988 amount in its first decision when it modified the allocations for 1987 and 1989. It then decided, in its decision on remand: "[I]n our judgment, this * * * interest * * * merely represents some increased ability by Bryan to meet its outstand-

ing needs" and "the precise amount thereof should not simply be added to or subtracted from the existing allocations but applied, in context, with all the other relevant factors" in the BTA's previous analysis (*viz.,* that Montpelier required additional funding). Accordingly, and without explaining the basis for its computation, the BTA modified its prior decision, by slightly increasing Montpelier's allocation, to reflect Bryan's expanded capability to fund its existing needs.

Our instructions, in *Montpelier, supra,* were precise. The BTA was to determine what part, if any, of the unencumbered balance in Bryan's expendable fiduciary funds consisted of interest, which it did, and to redetermine appropriate allocations to Montpelier and to Bryan for 1987 and 1989.

However, we said, in *Montpelier, supra,* at 395, 575 N.E.2d at 156–157, that interest earned on "protected" items could be considered in determining needs, since it is not legislatively included in the protected class. Although the BTA stated, in its decision on remand, that it had not considered such interest, or other portions of Bryan's expendable fiduciary funds, in its first decision, it nevertheless reduced Bryan's allocation and increased Montpelier's because the interest earned increased Bryan's capacity to fund its existing needs.

This observation *may* be appropriate and the BTA's decision *may* be correct; however, we are unable to determine whether the BTA's conclusory allocations are reasonable and lawful. The BTA failed to set forth the details of its findings on relative needs, or the basis on which the modified allocations were made. This failure violates *Cleveland Pub. Library v. Cuyahoga Cty. Budget Comm.* (1986), 28 Ohio St.3d 390, 394, 28 OBR 448, 451, 504 N.E.2d 421, 424, which stated: "It is contrary to law for the Board of Tax Appeals to fail to fulfill its duty to ascertain the libraries' needs and then to fail to set forth the basis of its findings within its decision * * *."

Having failed to set forth the basis of its findings, the BTA's decision is unlawful. The BTA's decision is reversed and remanded with instructions to the BTA to specify the details of its computation of the modified allocations of the Williams County library and local government support funds for 1987 and 1989.

*Decision reversed
and remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.