[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 520.]

BOARD OF TRUSTEES OF MONTPELIER PUBLIC LIBRARY, APPELLEE, *v.*
WILLIAMS COUNTY BUDGET COMMISSION ET AL.; BRYAN PUBLIC LIBRARY,
APPELLANT.

[Cite as *Montpelier Pub. Library Bd. of Trustees v. Williams Cty. Budget
Comm.*, 1996-Ohio-315.]

*Public libraries—Allocation of county library support funds—Board of Tax
Appeals should deduct unemcumbered balances from needs to determine
libraries' allocations.*

(No. 95-1069—Submitted February 1, 1996—Decided June 5, 1996.)

APPEAL from the Board of Tax Appeals, Nos. 89-G-811, 90-G-1365 and
91-G-1562.

———————————

{¶ 1} The Montpelier Public Library, appellee, and the Bryan Public
Library, appellant, filed their budgets with the Williams County Budget
Commission to divide the 1990, 1991, and 1992 Williams County Library and
Local Government Support Funds. The 1990 fund equaled $795,392.97, the 1991
fund equaled $811,635.65, and the 1992 fund equaled $807,351.97. The libraries'
total budgets for the respective years amounted to $937,564, $1,038,017.30, and
$1,178,175.42, exceeding the available budget funds. Thus, the budget commission
had to determine each library's actual needs to allocate the funds according to the
libraries' proportionate needs.

{¶ 2} Montpelier disagreed with the budget commission's decision and
appealed the commission's decision to the Board of Tax Appeals ("BTA"). The
BTA conducted a seven-day hearing, recorded nearly fourteen hundred pages of
testimony, and received one hundred thirteen exhibits. It issued a forty-five-page
decision.

**{¶ 3}** The BTA, in its opinion, described each library's physical plant, its staff, and its operations. The BTA began its analysis with each library's budget. It then considered each library's actual expenditures and the testimony of the witnesses. The BTA determined the total actual needs and allocations of each library for each of the three years to be as follows:

**Actual Needs**

| Library | 1990 | 1991 | 1992 |
|---|---|---|---|
| Bryan | $859,128.66 | $939,960.72 | $1,015,220.12 |
| Montpelier | $193,137.95 | $214,907.38 | $223,440.88 |

**Allocation**

| Library | 1990 | 1991 | 1992 |
|---|---|---|---|
| Bryan | $628,360.45 | $641,192.16 | $641,844.82 |
| Montpelier | $167,032.52 | $170,443.49 | $165,507.15 |

**{¶ 4}** This cause is before this court upon an appeal as of right.

_____

*Squire, Sanders & Dempsey* and *Stephen P. Grassbaugh; Newcomer, Shaffer, Bird & Spangler* and *David C. Newcomer*, for appellant.

*Baker & Hostetler*, *John H. Burtch* and *George H. Boerger*, for appellee.

_____

*Per Curiam*.

**{¶ 5}** R.C. 5705.32 empowers the budget commission to initially allocate the library and local government support fund. R.C. 5705.37 authorizes the BTA to modify any action of the commission; its findings replace the commission's findings. Thus, the budget commission first resolves all questions of fact and, on appeal, the BTA reexamines the facts in a trial *de novo. Cleveland Pub. Library v. Cuyahoga Cty. Budget Comm.* (1986), 28 Ohio St.3d 390, 392, 28 OBR 448, 450, 504 N.E. 2d 421, 423 ("*Cleveland 1986*"). The budget commission and the BTA,

in their turns, must determine that the needs of the libraries are actual and not "mere 'justifiable expenses,'" *Ross Cty. Dist. Library Bd. of Trustees v. Ross Cty. Budget Comm.* (1958), 168 Ohio St. 108, 5 O.O.2d 363, 151 N.E. 2d 360, paragraph one of the syllabus, or "wants." *Cleveland 1986,* 28 Ohio St. 3d at 393, 28 OBR at 450, 504 N.E. 2d at 424.

{¶ 6} When we review appeals under R.C. 5717.04, we determine whether the BTA's decision is reasonable and lawful. In our review, we do not reweigh the evidence as to the comparative value of the various library needs. We do, however, insist that the BTA base its findings on matters of record. *Cleveland 1986*, 28 Ohio St.3d at 393-394, 28 OBR at 451, 504 N.E.2d at 424.

{¶ 7} Bryan claims that the BTA incorrectly preferred current expenses over capital expenses, did not deduct encumbered balances from needs, and did not base its determinations on objective, definitive, and quantifiable indicia. We hold that the BTA should have deducted the unencumbered balances from needs, but we affirm the remainder of the BTA's decision.

### A. Priority of Capital Requests

{¶ 8} The BTA stated that Bryan had presented evidence on $760,000 of capital improvements. However, it found realistic needs to be $160,000 for 1990, $200,000 for 1991, and $200,000 for 1992.

{¶ 9} R.C. 5705.32(B) states:

"The commission shall fix the amount of the county library and local government support fund to be distributed to each board of public library trustees that has qualified under section 5705.28 of the Revised Code for participation in the proceeds of such fund. * * * The commission shall base the amount for distribution on the needs of such library for the construction of new library buildings, parts of buildings, improvements, operation, maintenance, or other expenses. * * *"

**{¶ 10}** Bryan, citing *Cleveland Pub. Library v. Cuyahoga Cty. Budget Comm.* (1970), 23 Ohio St. 2d 27, 52 O.O. 2d 83, 261 N.E. 2d 117 ("*Cleveland 1970*"), claims that the BTA found capital improvement needs of $760,000 but allowed only the smaller amounts for the respective budgets. Bryan contends that it established $760,000 in capital needs and that the BTA should have included this amount in its calculations. Thus, it argues that the BTA granted current operating expenses higher priority than capital improvements.

**{¶ 11}** In *Cleveland 1970*, we held, 23 Ohio St. 2d at 31, 52 O.O. 2d at 86, 261 N.E. 2d at 120, that "[o]nce 'actual needs' are determined, the statute [R.C. 5705.32(B)] does not provide for any priority of payment between libraries." We rejected the notion that the allocation decision must satisfy current operating expenses before allocating for capital outlay. However, we reaffirmed the BTA's ability to make an appropriate finding for capital outlay.

**{¶ 12}** Here, the BTA did not grant a higher priority to current operating expenses. The BTA recited that Bryan claimed it needed $760,000 for capital outlays. However, the BTA found $160,000 of this amount to be fundable in 1990, $200,000 in 1991, and $200,000 in 1992. Under *Cleveland 1970*, the BTA may "determine, as a matter of *fact*, the extent of the 'actual needs' of the library, including needs for capital outlay." (Emphasis *sic.*) 23 Ohio St.2d at 32, 52 O.O.2d at 87, 261 N.E.2d at 121. As in *Cleveland 1970*, we find that the BTA's decision in this respect was reasonable and lawful.

### B. Unencumbered Balances

**{¶ 13}** In finalizing its calculations, the BTA deducted receipts from patron fines and fees and miscellaneous revenue from each library's needs. The BTA ruled that these receipts demonstrated the libraries' increased ability to satisfy their own needs, reducing their entitlement to additional amounts from the fund.

**{¶ 14}** R.C. 5705.32(B) also states:

"* * * In determining the needs of each library board of trustees, and in calculating the amount to be distributed to any library board of trustees on the basis of its needs, the commission shall make no reduction in its allocation from the fund on account of additional revenues realized by a library from increased taxes or service charges voted by its electorate, from revenues received through federal or state grants, projects, or programs, or from grants from private sources."

{¶ 15} In Proposition of Law II, Bryan contends that the BTA should also have deducted unencumbered balances identified in the budgets of both libraries.

{¶ 16} In *Montpelier Pub. Library v. Williams Cty. Budget Comm*. (1991), 61 Ohio St.3d 390, 575 N.E.2d 152, we ruled that revenue from resources mentioned in R.C. 5705.32(B) does not reduce needs and allocations. To the contrary, however, resources not mentioned in R.C. 5705.32(B) do reduce needs and, consequently, allocations. Unencumbered balances appearing on a library's budget, which are funds available to satisfy a library's needs, are not mentioned in R.C. 5705.32(B); accordingly, the BTA should have deducted these unencumbered balances from total needs to determine the libraries' allocations.

### C. Basis of Decision

{¶ 17} Bryan, in its final proposition of law, argues that the BTA must base its decision on objective, definitive, and quantifiable indicia of the library's needs. Bryan's major complaint appears to be that the BTA began its analysis with the budgets the libraries submitted to the budget commission. It claims that it submitted a budget that did not include all its needs but that Montpelier submitted a budget of wishes.

{¶ 18} In *Cleveland 1986*, we suggested to the BTA that it set forth definite and quantifiable indicia of actual needs so that libraries may properly construct a case for a budget allocation. However, we did not direct the BTA to do so. Nevertheless, we directed the BTA to set forth its findings with specificity based on the record before it.

**{¶ 19}** In this case, we find that the BTA thoroughly reviewed and discussed the budgets of each library and issued a meticulous decision. As for Bryan's claim that the BTA should not have started with the budget submitted to the budget commission, we endorse the BTA's footnote 4. The footnote states: "[T]his board in most cases will limit its finding of need to that which was requested in each library's proposed budget. If we were to hold otherwise, libraries would be encouraged to ignore the limits set forth in their own budgets."

**{¶ 20}** Accordingly, we reverse that portion of the BTA's decision in which it reduced needs only by the mentioned receipts. We direct the BTA to deduct unencumbered balances set forth in the budgets of both libraries. We affirm the balance of the decision.

*Decision affirmed in part,*
*reversed in part*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER AND COOK, JJ., concur.

WRIGHT, J., not participating.

———————————