### ROSS et v FRANKO et

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 18166. Decided June 9, 1941

Ben P. Bloom, Cleveland, for plaintiffs-appellants.

Frank H. Surtz, for defendants-appellees.

GUERNSEY, PJ. (3rd Dist.); STEVENS, J. and DOYLE, J. (9th Dist.) sitting by designation.

## OPINION

By DOYLE, J.

The question of law decisive of this action may be stated in the following terms: Does the forfeiture of tax delinquent lands to the state and the subsequent deeding, by the state, of the forfeited lands to a purchaser, extinguish a private **recorded** easement over such lands, which easement was granted for the exclusive benefit of lands contiguous thereto?

The question is before this court in an appeal on questions of law and fact from the court of common pleas of Cuyahoga County. The petition seeks injunctive relief by an owner of a dominant estate against the purchaser of the servient estate from obstructing. by a barrier, the use of the granted right of way, which servient estate was purchased from the state following its forfeiture for tax delinquency.

The regularity of the official proceedings which culminated in the forfeited land sale for the payment of delinquent taxes is not challenged. And it is sufficient only to quote a part of the "agreed statement of facts", upon which the litigants rested their case, to show the statutory procedure followed:

"On the 31st day of January, 1933, the said * * * land was offered for sale (after a foreclosure action, instituted by the county treasurer) by the sheriff at public sale. No bids were had, and on May 3, 1933, the said parcel was forfeited to the State of Ohio, * * * and title thereto was held by the State of Ohio from the 31st day of January, 1933, to the said 21st day of April, 1939. After full compliance with the statutes made and provided by the laws of the State of Ohio, and by proper advertisement as provided thereby, the said parcel was sold to one David J. Barben * * * . The auditor on the same day issued his deed to the said David J. Barben, who had fully complied with the terms of sale as provided by law, for said parcel of land, (and) said deed was recorded. * * * On the same day, David J. Barben conveyed the said parcel to the defendant, L. M. Cowan * * *. L. M. Cowan did thereafter convey said * * * land to the defendant Mary Franko. * * * ."

The purchaser of land at a land forfeiture sale acquires, as against the owner, not merely a lien but a prima facie and absolute title to the property, when the statutory proceedings have been legally complied with and no constitutional rights of the owner have been abridged. §5744 et seq. GC. Cech v Schultz, 132 Oh St 353.

Likewise, all previous titles, either legal or equitable, are, under such circumstances, extinguished and the purchaser is invested with a new and perfect title to the lands, discharged from all previous liens and encumbrances. **Kahle v Nisley, 74 Oh St 328.**

The exact question presented in this case, to-wit, whether such a sale extinguishes an easement on the servient estate, has not been determined by any reviewing court in this state.

American Jurisprudence, in treating the subject, speaks as follows:

"The courts are not agreed upon the question whether an easement or servitude upon land that is sold for taxes is extinguished by such sale. The solution of the question depends upon the nature of the tax levy. If the tax is levied upon the real estate without regard to the various interests that may have been carved out of it, then in principle a sale of the land for taxes should pass a fee simple to the purchaser relieved of all easements. If, on the other hand, the tax is levied merely on the servient estate, then a sale of the land for taxes should pass merely the servient estate—that is, the land subject to the easement. The better considered cases adhere to this theory. Other decisions without considering the nature of the tax levy, deny that the easement is extinguished by a tax sale solely on the ground that the person taxed had no title to the

easement and therefore the sale could not pass title thereto. Whatever the theory of the decisions may be, it appears that the majority of the courts hold that a tax sale does not extinguish an easement or servitude on the property sold. A tax sale, although operating to give the purchaser a title free of encumbrances, does not divest the premises of a negative easement to which they are subject. The easement may be enforced by injunction after the tax sale, notwithstanding such sale operates to transfer title to the purchaser free and clear of a possibility of reverter upon a breach of the covenant under which the easement was created."

17 Am. Jur. Easements. §129.

Attention is directed to the many cases and publications cited in support of the above text.

The Supreme Court of Ohio, speaking through Judge Summers, has defined an easement as

"a **right** without profit, created by grant or prescription, which the owner of one estate may exercise in or over the estate of another for the benefit of the former." (Emphasis ours). **Yeager v Tunning, 79 Oh St 121, at p. 124.**

Strictly speaking, an easement is an incorporeal hereditament which is imposed upon corporeal property and consists of a right which is in its nature intangible.

The Court of Appeals of New York State speaks of an easement as something "carved" out of one property for the benefit of another. And in connection with the subject of assessment for tax purposes, the following language is used:

"When an easement is carved out of one property for the benefit of another the market value of the servient estate is thereby lessened, and that of the dominant estate increased practically by just the value of the easement; the respective tenements should therefore be assessd accordingly." Tax Lien Co. of N. Y. v Schultze et, 213 N. Y. 9, at page 11.

An academic discussion of the essence of an easement or of the various kinds would serve no useful purpose in this decision. Suffice it to say that an easement of a right of way has a direct bearing upon and affects the value of both the dominant and servient estates.

The statutes of Ohio provide that real property and land shall be assessed for tax purposes at its true value in money.

**Sec. 5322 GC** provides under the title of "Taxation":

"The terms 'real property' and 'land' as so used, include not only land itself, whether laid out in town lots or otherwise, and all growing crops, including deciduous and evergreen trees, plants and shrubs, with all things contained therein, but also, unless otherwise specified, all buildings, structures, improvements and fixtures of whatever kind thereon, **and all rights and privileges belonging or appertaining thereto."** (Emphasis ours).

It must be assumed that the assessment, which is the basis of the eventual tax, was properly made and that the tax upon the dominant estate was bottomed upon an assessment which included the value of the easement. It must be further assumed that the assessment upon the servient estate was predicated upon the true value of the estate subject to the servitude. And this being so, to deprive the owner of the dominant estate of his right of way over the servient estate would amount to a confiscation of a property right for which he had been taxed. Conversely, the servitude was not a part of the servient estate upon which a tax was levied, and was therefore not sold.

The property conveyed after the tax sale was not shorn of the servitude, because the property assessed and the property conveyed must be the same.

See Jackson v Smith et, 138 N. Y. Supp. 654.

It is therefore the conclusion of the members of this court that the property in question was not  divested of the servitude under the circumstances, and in so deciding we are not unaware of the syllabus in Kahle v Nisley, supra, which holds that the new title is discharged from "all previous liens and encumbrances". A servitude is not a lien nor is it an encumbrance within the meaning of that term as used by the Supreme Court in that case.

Decree for appellants.

GUERNSEY, PJ., STEVENS, J., concur.