BECKETT RIDGE ASSOCIATION NO. I, APPELLANT, *v.*
BUTLER COUNTY BOARD OF REVISION, APPELLEE.

[Cite as Beckett Ridge Assn. *v.* Bd. of Revision (1982), 1 Ohio St. 3d 40.]

(No. 81-892—Decided July 14, 1982.)

*Schottenstein, Zox & Dunn Co., L.P.A., Mr. Robert H. Schottenstein* and *Mr. Leo Sternlicht,* for appellant.

*Mr. John H. Holcomb,* prosecuting attorney, and *Mr. Jack Zettler,* for appellee.

MOYER, J. As part of a planned unit development, the 15 parcels of real estate which are the subject of this appeal are intended to serve as buffer zones, walkways, paths, and recreational areas and to thereby enhance the desirability and value of the developed residential and commercial areas within the PUD. The parcels range in size from .024 acres to 11.104 acres. The use of the parcels is restricted by a Butler County zoning ordinance and by a Declaration of Common Open Space which may be changed by a vote of 75 percent of the record owners of all property in the PUD. Appellant is the titled owner of the property and every owner of property within the Beckett Ridge PUD is a member of the association and has an interest in the 15 parcels of common open space.

In 1976, a time when the Beckett Ridge PUD was in the early stages of development, the 15 parcels were appraised, sight-unseen, for the tax year beginning January 1, 1977. They were appraised on a *pro rata* basis relative to the valuation of the entire tract of 1,800 acres. That method of assessment produced a value of $96,480 for the 15 parcels.

Appellant claims, and the evidence tends to prove, that most of the 15 parcels are nondevelopable land, such as natural drainage swales or ravines, and are severely restricted in use by the zoning ordinances and the association agreements. Appellant, therefore, claims that the 15 parcels were overvalued by the auditor and that the parcels should have an assessed value of zero. Appellant's argument takes the form of the following two propositions of law:

1. "Where the Board of Tax Appeals adopts a valuation supported only by an appraisal which ignored the use restrictions, easements, zoning and other factors affecting the subject parcels of real property, such decision is unreasonable and unlawful.

2. "Where the values of common open space parcels within a PUD are already included in the assessed values of the individually owned lots within such PUD, a decision of the Board of Tax Appeals finding substantial values in such common open space parcels constitutes double taxation and is illegal under Article XII, Section 2 of the Ohio Constitution."

Taxable valuation of real property is governed by R.C. 5713.03, which reads as follows:

"The county auditor, from the best sources of information available, shall determine, as nearly as practicable, the true value of each separate tract, lot, or parcel of real property *** according to the rules prescribed by this chapter and section 5715.01 of the Revised Code, and in accordance with the uniform rules and methods of valuing and assessing real property as adopted, prescribed, and promulgated by the commissioner of tax equalization. ***"

The administrative rules promulgated pursuant to R.C. 5713.03 further specify the factors to be considered in the valuation of land. The county auditor is directed to consider, *inter alia,* topography, neighborhood type and trend, zoning, restrictions, and easements. Ohio Adm. Code 5705-3-07(B). The county auditor shall make his valuation in light of "not only the present use of the land but also its highest and best probable legal use consistent with existing zoning and building regulations." Ohio Adm. Code 5705-3-07(A).

The appraiser who valued the 15 parcels testified that the 1977 assessed values had been determined by multiplying the price per acre paid for the 1,800 acres times the acreage of each parcel. The appraiser made no on-site inspection and did not consider the quality of the land. For the tax year 1978, the property was reappraised after an actual inspection of the parcels and consideration of the quality of the parcels. The assessed values for the common open space parcels were reduced by approximately 65 percent of the 1977 values. However, the 1978 appraisal apparently did not reflect consideration of the easements and other restrictions on the property.

There is no dispute among the experts who testified that the 15 parcels of common open space were overvalued in light of the restrictions imposed upon the property by the zoning ordinance and the association agreement. The more difficult issue with which we are confronted for the first time is to determine what value is to be given to appellant's parcels and similarly situated property. General principles of valuation are designated in Ohio Adm. Code 5705-3-07(B). Pursuant thereto, the auditor must consider, *inter alia,* zoning, restrictions, and easements. It has been established that any such burdens on property may decrease its value. We have held that an appurtenant easement increases the value of the dominant estate and decreases the value of the servient estate for tax purposes. *Ross* v. *Franko* (1942), 139 Ohio St. 395 [23 O.O. 197]. However, that rule gives little indication of the extent to which the value of particular property is decreased by an easement or other restriction.

Ohio Adm. Code 5705-3-07(C) prescribes four principal methods of valuation of real estate. The preferred method is the market data or comparative method. This method is inappropriate because there are no sales of comparable parcels for comparison. Neither is it appropriate to use the allocation method since there are no improvements to subtract from a known sale price. There was testimony that there was no income from the 15 parcels, and therefore the land residual method may not be used. The record contains testimony that the 15 parcels were for the most part undevelopable land, and the development method is therefore also inappropriate, even though the common open space could be pledged as security for a mortgage and apparently could have been leased.

It is not surprising that the Board of Tax Appeals found that appellant's expert witness had not employed any of the customary appraisal techniques. The parcels in question are not easily evaluated by any of these appraisal techniques. Although appellant's expert did not use common appraisal techniques in evaluating the property, neither the board of review nor the county auditor used any viable technique for determining the value of the subject property.

Appellant argues that, because its parcels are not easily appraised, we should simply accept the testimony of its expert that the parcels have zero value. Appellant cites cases from other jurisdictions in which restricted parcels have been held to have no value. See, *e.g., People, ex rel. Poor,* v. *O'Donnel* (1910), 139 App. Div. 83, 124 N.Y.Supp. 36; *Crane-Berkley Corp.* v. *Lavis* (1933), 238 App. Div. 124, 263 N.Y.Supp. 556; *Supervisor of*

*Assessments* v. *Bay Ridge Properties* (1973), 270 Md. 216, 310 A. 2d 773. Despite the persuasive value of these cases, we are not convinced that the property that is the subject of this appeal is without value. The PUD zoning ordinance and the association agreement have heavily burdened the parcels and may have reduced their value to a nominal amount, but that must be determined upon remand to the Board of Tax Appeals.

The county auditor and the board of revision did not consider all relevant factors as specified by R.C. 5713.03 and Ohio Adm. Code 5705-3-07 in determining the value of the subject parcels of real estate. The standards to be used in valuing and assessing property are a matter of legislative or quasi-legislative, rather than judicial, concern. It is incumbent upon the Board of Tax Appeals to consider all the factors referred to in the statute and administrative code for assigning a proper value to appellant's 15 parcels of common open space. The Board of Tax Appeals with its expertise is the appropriate agency to develop a viable standard to be used in applying the parameters defined by statute and rule to the facts in each case in determining a fair value for common open space in a planned urban development.

As its second proposition of law, appellant asserts that taxation of the common open space parcels constitutes double taxation in violation of Section 2, Article XII of the Ohio Constitution, because the value of the common open space is already apportioned to the individual residential lots within the PUD. We hold that the assessment of the properties was not unconstitutional.

Testimony indicated that, in calculating the price of the individual lots, the developer added to the price of each lot a portion of the cost of the common open space. However, the auditor is not concerned with how the developer arrived at his selling cost, but rather only with the selling price and whether it reflects the market value of the property. There is no indication in the record before us that the auditor allotted any portion of the value of the common open space to the individual lots. While it is true that the common open space apparently enhances the value of the individual lots, this does not mean that the common open space property could not also be taxed. One may make the analogy that, if a property owner holds two adjacent parcels of property and makes improvements to one parcel which will enhance the value of the other parcel, he may not claim there is double taxation because the value of both is increased. Appellant is actually in a better position than such an owner would be. As we stated above, because of the restrictions the common open space parcels would be greatly reduced in value. Thus, although the taxable value of the individual residential parcels in the area would be increased, the taxable value of the common open space was significantly decreased. It should not be expected that the amount by which the individual parcels is enhanced will exactly equal the amount by which the value of the common open space is decreased. The extent to which these two figures are permitted to differ is a matter of policy, which is not for us to determine. However, there is no double taxation in violation of the Ohio Constitution.

For the foregoing reasons, the decision of the Board of Tax Appeals is

reversed and the cause remanded, and the board is instructed to consider all relevant factors pursuant to R.C. 5713.03 and Ohio Adm. Code 5705-3-07 in determining the tax valuation for 1977 of real property designated as greenbelt or common open space in the Beckett Ridge planned urban development.

*Decision reversed and*
*cause remanded.*

W. BROWN, Acting C.J., REILLY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting for CELEBREZZE, C.J.

MOYER, J., of the Tenth Appellate District, sitting for SWEENEY, J.