HOWARD, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as Howard *v.* Cuyahoga Cty. Bd. of Revision (1988), 37 Ohio St. 3d 195.]

(No. 86-1951—Submitted April 6, 1988—Decided June 22, 1988.)

*Fred Siegel Co., L.P.A., Fred Siegel* and *Wayne E. Petkovic,* for appellant.

*John T. Corrigan,* prosecuting attorney, *Richard A. Wise* and *William J. Day,* for appellees.

*Per Curiam.* The principles followed by this court in reviewing the BTA's real property value determinations are stated in the syllabus in *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, as follows:

"2. The Board of Tax Appeals is not required to adopt the valuation fixed by any expert or witness. * * *

"3. The Board of Tax Appeals is vested with wide discretion in determining the weight to be given to evidence and the credibility of witnesses which come before the board. * * *

"4. The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful. * * * [Citations omitted.]"

The BTA has wide latitude to weigh the evidence and determine the credibility of witnesses. It need not adopt the testimony of any particular expert or witness. The BTA's decision

will not be reversed if it is supported by the record.

We do, though, have a responsibility when an appeal is brought under R.C. 5717.04. After we hear arguments and consider the record and evidence, we then decide whether the BTA's decision is reasonable and lawful. If it is, we affirm the decision; if it is not, we reverse and vacate or modify it.

In *Alliance Towers, Ltd.* v. *Stark Cty. Bd. of Revision* (1988), 37 Ohio St. 3d 16, 523 N.E. 2d 826, this court reversed the BTA's decision with regard to the Sunset Square property in part because the BTA did not state specific reasons for changing its decision on reconsideration. This court held that it was not enough for the BTA to state that its additional study compelled its conclusion.

In *Cleveland Public Library* v. *Cuyahoga Cty. Budget Comm.* (1986), 28 Ohio St. 3d 390, 28 OBR 448, 504 N.E. 2d 421, this court reversed the BTA's decision because the BTA did not set forth the basis of its findings in its decision. We observed that we could perform our duty to affirm reasonable and reverse unreasonable determinations only when the BTA set forth its findings. Accord *Cleveland* v. *Budget Comm. of Cuyahoga Cty.* (1976), 47 Ohio St. 2d 27, 1 O.O. 3d 17, 350 N.E. 2d 924.

The BTA in the instant cause had much evidence before it, including the testimony of two appraisers and evidence concerning a recent sale. While the sale price is not necessarily the property's true value, it is an indication of that value. *Ratner* v. *Stark Cty. Bd. of Revision* (1986), 23 Ohio St. 3d 59, 23 OBR 192, 491 N.E. 2d 680, and (1988), 35 Ohio St. 3d 26, 517 N.E. 2d 915. Surprisingly, though, the BTA's valuation is $741,000 higher than the purchase price of a sale of the property that occurred after the valuation date. The BTA did not explain this discrepancy, and we are unable to understand how such a value can be found.

The witnesses' opinions on the valuation of the property were divergent. This court is unable to perform its appellate duty when it does not know which facts the BTA selected in rendering its decision. We now require it to state what evidence it considered relevant in reaching its value determinations. Accordingly, the decision of the BTA is reversed and the cause is remanded for reconsideration in conformity with this opinion.

*Decision reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

LOCHER and DOUGLAS, JJ., concur in judgment only.