GENERAL MOTORS CORPORATION, APPELLANT, *v.*
CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as General Motors Corp. *v.* Cuyahoga Cty. Bd. of Revision (1990), 53 Ohio St. 3d 233.]

(No. 89-689—Submitted March 29, 1990—Decided August 29, 1990.)

234

*Jones, Day, Reavis & Pogue, Roger F. Day* and *John C. Duffy, Jr.,* for appellant.

*John T. Corrigan,* prosecuting attorney, *William J. Day* and *Steven J. Celebrezze,* for appellees Cuyahoga County Auditor and Cuyahoga County Board of Revision.

*Armstrong, Gordon, Mitchell & Damiani, Michael L. Gordon* and *William F. Mitchell,* for appellee Parma Board of Education.

*Per Curiam.* The issue in this case is the fair market value of the subject property for tax years 1982, 1983, and 1984.

R.C. 5713.03 provides in part:

"The county auditor * * * shall determine as nearly as practicable, the true value of each separate tract, lot, or parcel of real property and of buildings, structures and improvements located thereon * * * in accordance with the uniform rules and methods of valuing and assessing real property as adopted, prescribed, and promulgated by the tax commissioner."

"The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or

unlawful. * * *" *Cardinal Federal S.&L. Assn.* v. *Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, paragraph four of the syllabus.

In *Wolf* v. *Cuyahoga Cty. Bd. of Revision* (1984), 11 Ohio St. 3d 205, 207, 11 OBR 523, 524, 465 N.E. 2d 50, 52, we stated:

"This court has consistently held that the BTA is not obligated to adopt the valuation by any expert or witness. * * * Moreover, the BTA possesses wide discretion in evaluating the weight of evidence and credibility of witnesses which come before it. * * *

"A great deal of appellants' argument is devoted to the rebuttal of appellees' expert's testimony. Ultimately they conclude that none of his conclusions is credible enough to be relied on by the BTA. *However, such a determination is precisely the kind of factual matter to be decided by the BTA*. It is clear from the record that the BTA's final determination represented a compromise between the conflicting positions of the two experts. * * *" (Citations omitted and emphasis added.)

Appellant contends that the BTA erred in not following the mandate of paragraph one of the syllabus of *Beckett Ridge Assn.* v. *Bd. of Revision* (1982), 1 Ohio St. 3d 40, 1 OBR 74, 437 N.E. 2d 601, which requires a consideration of all relevant factors specified in R.C. 5713.03 and Ohio Adm. Code 5705-3-07 in making its determination of value.

After referring to the four principal methods of valuation of real estate, we noted in *Beckett Ridge* that: "It is incumbent upon the Board of Tax Appeals to consider all the factors referred to in the statute and administrative code for assigning a proper value to appellant's * * * [real estate]. The Board of Tax Appeals with its expertise is the appropriate agency to develop a viable standard to be used in applying the parameters defined by statute and rule to the facts in each case * * *." *Id.* at 43, 1 OBR at 76-77, 437 N.E. 2d at 604.

In *Alliance Towers, Ltd.* v. *Stark Cty. Bd. of Revision* (1988), 37 Ohio St. 3d 16, 523 N.E. 2d 826, we reversed the BTA's decision with regard to certain property, in part because the BTA did not state specific reasons for reversing its initial valuation upon reconsideration. We held that it was "not enough for the BTA to simply state that its additional study" compelled its conclusion. *Id.* at 25, 523 N.E. 2d at 834.

We can perform our duty to affirm reasonable, and to reverse unreasonable, determinations only when the BTA sets forth its findings and the basis therefor. *Howard* v. *Cuyahoga Cty. Bd. of Revision* (1988), 37 Ohio St. 3d 195, 197, 524 N.E. 2d 887, 889. We do not suggest that the true value determinations of the BTA were inappropriate; rather that, in the absence of clarification, we are unable to decide whether the decision of the BTA was reasonable and lawful.

Since the BTA failed to specify the reasons for its determinations, its decision is reversed and the cause is remanded to the BTA for further consideration in conformity with this opinion.

*Decision reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.