## Cuyahoga County Bd. of Revision v. Beachcliff-Kingston Apts.
### [Cite as 7 AOA 276]

*Case No. 57241, 57242*
*Cuyahoga County, (8th)*
*Decided September 6, 1990*

*John T. Corrigan, Cuyahoga County Prosecutor, by Steven J. Celebrezze, Assistant Prosecuting Attorney, The Justice Center, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellants.*

*Fred Siegel and Karen H. Bauernschmidt, Fred Siegel Co., LPA, 906 Citizens Building, 850 Euclid Avenue, Cleveland, Ohio 44114, for Appellee Beachcliff-Kingston Apartments.*

*J. Craig McClelland, 140 Public Square, Suite 512, Cleveland, Ohio 44114, for Appellee Berea School District.*

VEIT, J.
In two consolidated cases, the Cuyahoga County Board of Revision ("the board") seeks review of the tax valuation decision of the Board of Tax Appeals ("the BTA") for an apartment complex owned by the Beachcliff-Kingston Apartments ("the taxpayer"). In accordance with R.C. 5717.04, both the Board of Education of the Berea School District ("the school district") and the Tax Commissioner ("the commissioner") were joined as appellees. In three assignments of error[1] the board alleges that the BTA failed to consider all the evidence, based its decision on a flawed appraisal and erred by taking judicial notice of the value of the subject property for a different tax year. The taxpayer moved to dismiss[2] the appeal maintaining the notice of appeal did not comport with the requirements of R.C. 5717.04. Upon consideration of the motion we deny the same. After review of the board's assigned errors, we find none merit reversal and affirm the decision of the BTA.

The school district and the taxpayer each filed a complaint seeking, respectively, an increase and a decrease in the 1985 tax valuation and assessment for the apartment complex owned by the taxpayer. The Board of Revision determined the fair market and taxable values of the subject property to be $2,023,990 and $708,000, respectively. The taxpayer sought review by the BTA maintaining that the fair market and taxable values of the property were lower.

The BTA heard testimony by the taxpayer's appraiser, Richard Van Curen, regarding the value of the property. The appellant sought to discredit Van Curen, but offered no additional evidence at the hearing. The BTA found Van Curen's appraisal sound and determined that the true value of the property was $1,325,000, with taxable value of $463,750. This appeal followed.

Before we address the board's claimed errors, we must first address the taxpayer's motion to dismiss the appeal. The taxpayer argues that the board's failure to serve it by certified mail, as mandated by R.C. 5717.04, deprives this court of jurisdiction to hear this appeal. The board contends that its failure is procedural, rather than jurisdictional, and does not divest this court of jurisdiction.

It is well recognized that an appellant must strictly comply with the requirements of the tax statutes. *Deerhake v. Limbach* (1989), 47 Ohio St. 3d 44: *Hile v. Limbach* (1989), 44 Ohio St. 3d 197; *Lawson Milk Co. v. Bowers* (1961), 171 Ohio St. 418; *Richter Transfer Co. v. Bowers* (1962), 174 Ohio St. 113.

R.C. 5717.04 provides in relevant part, as follows:

"***Unless waived, notice of the appeal shall be served upon all appellees by certified mail.***"

An appellant's failure to serve notice of appeal as expressly required by the statute has been considered in sustaining a motion to dismiss an appeal from the decision of the Board of Tax Appeals. *Waterville v. Spencer Twp.* (1974), 37 Ohio St. 2d 79; *Elmer Borchardt, Inc. v. Bowers* (1962), 173 Ohio St. 13.

However, the taxpayer did receive its notice of appeal by regular mail. It is clear that the taxpayer had knowledge and actual notice of the appeal. So we hold that the taxpayer was not prejudiced by the failure of appellant to serve the notice of appeal by certified mail and we deny the motion to dismiss.

The first and second assignments of error both challenge the reasonableness and lawfulness of the BTA's decision. We will address these assignments jointly.

The board posits that the BTA's decision was unreasonable and unlawful because the BTA failed to comment on the evidence presented in the statutory transcript. The board argues that the BTA was obligated to state its reasons for rejecting the evidence in the statutory record.

The Board of Tax Appeals is required to set forth the basis for its findings and state what evidence it considered relevant. *Howard v. Cuyahoga Cty. Bd. of Revision* (1988, 37 Ohio St. 3d 195. See, also, *Cleveland Public Library v. Cuyahoga Cty. Budget Comm.* (1986), 28 Ohio St. 3d 390. A reviewing court must be appraised of the evidence the BTA considered relevant in reaching its valuation determination in order for the court to perform its duty on appeal. *Howard, supra.* The BTA's decision and order identified the evidence before it as the statutory record and the transcripts of evidence and exhibits presented during the evidentiary hearing.

Here the decision of the Board of Tax Appeals clearly identifies the facts and witness' opinion which it considered relevant and which formed the basis for its decision. The BTA is not required to list the evidence it did not deem credible or relevant. See *Howard, supra.*

The board further claims it was error for the BTA to fail to consider the appraisal of Sam D. Canita. The board contended that the BTA should accept the board's determination of the true value of the apartment complex. That valuation was based upon the statutory record, which included the Canita appraisal.

The true value of real property fixed by a board of revision is presumed correct. *R.R.Z. Associates v. Bd of Revision* (1988), 38 Ohio St. 3d 198, 202; *Mentor Exempted Village Bd. of Edn. v. Lake Cty. Bd. of Revision* (1988), 37 Ohio St. 3d 318, 319. See, also, *Snider v. Limbach* (1989), 44 Ohio St. 3d 200; *Hatchiadorian v. Lindley* (1986), 21 Ohio St. 3d 66. A taxpayer, therefore, must prove his right to a reduction in value by presenting evidence that the property's value differs from the value set by the board of revision. *Mentor Exempted Village Bd of Edn., supra.* Once the taxpayer presents evidence that the value is different from that determined by the board of revision, the board may present evidence to rebut the taxpayer's evidence.

Here the board failed to offer any new evidence at the BTA hearing.

The board maintains that there was insufficient evidence before the BTA to rebut the presumed validity of its valuation.

"[The BTA's] true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful. *Cardinal Federal S. & L. Assn. v Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, paragraphs two, three, and four of the syllabus. This court is not a 'super' Board of Tax Appeals. *Youngstown Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St. 2d 398, 400, 20 O.O. 3d 349, 351, 422 N.E. 2d 846, 848. We will not overrule BTA findings of fact that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc. v. Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E. 2d 1257, syllabus." *R.R.Z. Associates, supra.* at 201.

As we have already noted, the BTA had both the statutory record and the additional evidence presented to it at the hearing. This evidence included both the Canita & Van Curen appraisals. The board did not have an appraisal done to support its valuation decision. It apparently relied upon its attempt to discredit the Van Curen appraisal to rebut the taxpayers evidence controverting the board valuation. The BTA found the van Curen appraisal to be the most credible evidence before it. There is no

good reason before us why we should substitute our judgment for that of the BTA or for us to question its exercise of discretion.

The best evidence of the true value of real property is a sale in an arms length transaction. *Crow v. Cuyahoga Cty. Bd. of Revision* (1990), 50 Ohio St. 3d 55; *State, ex rel. The Park Investment Co., v. Bd. of Tax Appeals* (1964), 175 Ohio St. 410. In the absence of a recent sale, an appraisal is required to establish value. *Id.* It is well recognized that the BTA is not required to adopt any expert's valuation and has wide discretion to determine the weight to be given evidence and the credibility of witnesses before it. *Crow, supra; R.R.Z. Associates, supra; Cardinal Federal S. & L. Assn., supra.* The BTA's apparent unwillingness to base its decision on the statutory record offered by the board is not unreasonable. Cf. *Cardinal Federal S. & L. Assn., supra.* As indicated, this court will not disturb a determination by the BTA based upon the weight of evidence and credibility of the witnesses before it absent a patent abuse of discretion. *Id.* at 19-20.

Our review of the record reveals that the BTA gave due consideration to the evidence before it. Accordingly, the decision of the BTA is neither unlawful not unreasonable. *Bd. of Revision v. Fodor* (1968), 15 Ohio St. 2d 52.

The first and second assignments of error fail.

In the third assignment of error the board contends that it was error for the court to take judicial notice of the prior decision involving the subject property.

The board argues that, because the BTA's decision valuing the property at $1,325,000 for tax year 1985 is only $25,000 more than its order for the tax year 1982, it is reasonable to infer that the BTA relied on the 1982 decision to reach the 1985 valuation.

The taxpayer offered the 1982 order of the BTA as evidence and the BTA took notice of its own decision. This evidence appears to have been irrelevant and should not have been admitted. However, its admission was harmless error. See Civ. R. 61. As we noted earlier, the BTA must identify the evidence it considered relevant in reaching its value determination. *Howard, supra.* The BTA order makes no mention of the 1982 order regarding the property. We therefore conclude that the BTA did not base its decision on the 1982 stipulation.

Accordingly, the third assignment of error fails.

The decision of the Board of Tax Appeals is affirmed.

It is ordered that appellees recover of appellants their costs herein taxed.

The Court finds there are reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Board of Tax Appeals to carry this judgment into execution.

A certified copy of this try shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MATIA, P.J., and LYNCH, J., Concur.

Judge John Lynch, retired, Seventh District Court of Appeals, and Judge Hans Veit, Geauga County Common Pleas Court, sitting by assignment.

## APPENDIX

### I

"The Ohio Board of Tax Appeals erred in failing to consider or even comment on the valuation report contained in the statutory transcript and authored by Same D. Canita on behalf of appellee Board of Education of the Berea City School District in issuing its decision and order concerning the fair market value and taxable value of subject property.

### II

"The Ohio Board of Tax Appeals erred in determining the fair market value of the subject property at a true value of $1,325,000.00 and a taxable value of $463,750.00, wholly based upon the flawed appraisal report of Richard P. Van Curen on behalf of appellee Beachcliff-Kingston apartments."

### III

"The BTA erred as a matter of law when it took judicial notice of its prior decision and order concerning the stipulated fair market and taxable values for the subject property for tax year 1982."

---

[1] See, Appendix
[2] Motion No. 90136