OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


General Motors Corporation, Appellant, v. Cuyahoga County Board
of Revision et al., Appellees.
[Cite as Gen. Motors Corp. v. Cuyahoga Cty. Bd. of Revision
(1993),     Ohio St.3d     .]
Taxation -- Real property valuation -- Board of Tax Appeals
     must specify reasons for its determination.
     (No. 92-1905 -- Submitted July 29, 1993 -- Decided
September 15, 1993.)
     Appeal from the Board of Tax Appeals, Nos. 85-G-440,
85-A-441, 85-B-442 and 85-C-443.
     This matter is before us again on appeal by General Motors
Corporation ("GM") from a decision of the Board of Tax Appeals
("BTA") following our remand in Gen. Motors Corp. v. Cuyahoga
Cty. Bd. of Revision (1990), 53 Ohio St.3d 233, 559 N.E.2d
1328.  The facts are adequately set forth in our opinion in
Gen. Motors, and need not be repeated here.  No additional
evidence was presented to the BTA and, indeed, none was needed,
since the purpose of the remand was for "clarification" of the
BTA's  original decision:  to require the BTA to explain the
basis for its determination of the true value of GM's Parma,
Ohio real property for tax years 1982, 1983 and 1984.

     Jones, Day, Reavis & Pogue, Roger F. Day and John C.
Duffy, Jr., for appellant.
     Stephanie Tubbs Jones, Cuyahoga County Prosecuting
Attorney, and William J. Day, Assistant Prosecuting Attorney,
for appellees Cuyahoga County Auditor and Cuyahoga County Board
of Revision.
     Armstrong, Mitchell & Damiani, Timothy J. Armstrong,
Deborah J. Papushak and William Mitchell, for Parma Board of
Education.

     Per Curiam.  The BTA failed to comply with our
instructions upon remand of this matter.  Thus, the decision of
the BTA is unreasonable and unlawful and it is reversed.  The
matter is remanded to the BTA again for clarification as
hereinafter set forth.
     Howard v. Cuyahoga Cty. Bd. of Revision (1988), 37 Ohio

St. 3d 195, 197, 524 N.E.2d 887, 889, requires that the BTA "state what evidence it considered relevant in reaching its value determination."  In Gen. Motors, supra, 53 Ohio St.3d at 235, 559 N.E.2d at 1330, to the same effect, we said:  "We can perform our duty to affirm reasonable, and to reverse unreasonable, determinations only when the BTA sets forth its findings and the basis therefor."  We meant what we said.  In our earlier remand, we intended for the BTA, in conformity with the Howard standard, and in compliance with our admonition for "clarification,"  to spell out the steps it took to arrive at the true value of GM's real property for the years in question.  This clarification includes (1) what amounts or percentages it used for its computation of true value, and the evidence of record supporting them; (2) what evidence it relied on in determining depreciation or obsolescence; and, finally, (3) why it made the particular selections in preference to some other approach, depreciation factor, obsolescence factor or appraiser which opposed that which was chosen by the BTA, and how and why it might have deviated from the amounts or percentages used by appraisers whose testimony was presented. Only after seeing this detailed explanation can we be assured that the BTA possessed and used the "experience" and "expertise" that it claimed for itself, and that its decision was not unreasonable or unlawful.

Decision reversed<br>and cause remanded.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Wright, J., not participating.